The opinion of the Court was thus delivered by
Sedgwick, J.
This case is brought before the Court by a writ of error, which complains of a judgment of the Court founded on a suit in favor of the commonwealth, against the plaintiff in error, instituted by the Solicitor-General, by the order of a special resolve of the legislature, in pursuance of the act passed June 18, 1791, “ directing the manner in which inquests of office shall be taken to revest real estate in the commonwealth, or to entitle the commonwealth thereto.”
This writ is grounded on the second section of the statute, which enacts, that “ in all other cases, where an inquest of office is necessary by law, to entitle the commonwealth to hold lands, tenements, or hereditaments, such inquest shall be taken by the Supreme Judicial Court, in the county where such estate lies, upon information of the Attorney-General, describing (among other things) the estate claimed, and the title set up thereto by the commonwealth.”
As this is a prosecution instituted by statute, in which, from the nature of the subject, the government, the party plaintiff, is the whole people, against an individual or individuals, the party defendant,— and against whom the judges are inevitably interested, — it becomes important that none of the guards which the law has provided for the security of the defendant should be dispensed with. The statute, as recited, has rendered it necessary that the information should describe, 1st, the estate claimed by the commonwealth ; and, 2d, the title set up thereto by * the [ * 290 ] commonwealth. If the information, on which the judgment was founded, was deficient in describing the estate claimed by the commonwealth, or its title thereto, the judgment must be reversed : then —
1. Does the information describe the estate which the common wealth claims in the demanded premises ? By “ estate ” in land I understand the kind and quantum of interest therein. This interest *268 may be a freehold, or of an inferior degree. A freehold may be of inheritance or for life. If of inheritance, it may be pure or base, absolute or conditional, in fee simple or fee tail. If fee tail, it may be general or special. If for life, it may be for that of the tenant or of another person, with or without impeachment of waste, absolute or conditional. If the estate be less than freehold, the term may be of greater or less duration, and with duties to the superior more or less burdensome. In short, an estate, in real property, is susceptible of every possible variation in which man can be related to the soil. When the government claims, against an individual, lands in his possession, it is proper that the law should provide, as this act does, that the “ estate claimed,” the hind and, quantum of interest therein, should be described. Indeed, this is necessary, ordinarily, in controversies between private persons. Was this done by the information in this case ? I think not. After describing the land to which claim is laid, the information says, “ which tract of land the commonwealth are entitled to hold and possess.” Here, certainly, the estate claimed by the commonwealth is not described. Nothing could have been less precise, and more indefinite, than the words “ hold and possess,” as descriptive of an estate in lands ; they apply equally to many kinds of estates. The information gives no other description of the estate of the commonwealth in the lands demanded, than by describing that derived from Sir William Pepperell. And there is no other estate intended to be described as derived from him, but what is expressed by the allegation that he “ was seised and possessed, and entitled to be seised and possessed, of the tract of land ” demanded. Here, again, the words descriptive of the estate of Sir William are altogether vague and indefinite. The information, then, does not “ de- [ * 291 ] scribe” the * estate, the kind and quantum of interest claimed in the land demanded.
2. The remaining question is, whether the title set up, by the information, to the lands demanded, is such as would authorize a judgment for the possession, in favor of the commonwealth. The title set up is an act of the government, passed on the 30th of April, 1779, “to confiscate the estates of certain notorious conspirators,” &c. In this act, among others, Sir William Pepperell is named; and it enacts, “ that all the goods and chattels, rights and credits, and lands, tenements, and hereditaments, of every kind, of which any of the persons before named were seised or possessed, or entitled to possess, hold, enjoy, or demand, in their own right, or of which any other person stood, or doth stand, seised or possessed, or are, or were entitled to have or demand, to and for their use, benefit, and behoof, shall escheat, enure, and accrue, to the sole use *269 and benefit of the government and people of this state, and are accordingly declared so to escheat, enure, and accrue; and the said government and people shall be taken, deemed, and adjudged, and are hereby accordingly declared, to be in the real and actual possession of the goods, &c., lands, &c., without further inquiry,” &c. To this there is a proviso, in these words: “ Provided always, that the escheat shall not be construed to extend to, or operate upon, any goods, chattels, rights, credits, lands, tenements, or hereditaments, of which the persons aforenamed and described, or some other in their right and to their use, have not been seised or possessed, or entitled to be seised or possessed, or to have or demand, as aforesaid, since the 19th day of April, in the year of our Lord 1775.”
From this recital it is manifest that, to derive a title to any lands, from the seisin or possession of a conspirator, named in the act, to the commonwealth, it was necessary, 1st, that the person from whom the title was derived should have been seised or possessed in his own right; and 2d, that such seisin or possession should have been since the 19th day of April, 1775, and before or at the time of passing the act. The act, however just or necessary, was certainly rigorous, and must therefore * have a [ * 292 ] strict construction. Now the information does indeed say, that Sir William Pepperell was seised and possessed of the land described ; but it does not aver that it was in his own right. He might have been seised and possessed, in trust, or in the right of another, of the land demanded, and yet no title derived, by the act, to the commonwealth. Again, to derive a title from Sir William to the commonwealth, he must have been seised, since the 19th day of April, 1775, and before the 30th day of April, 1779. But the allegation in the information is, that prior to the 19th day of April, 1775, and since that time, he was seised and possessed. All this might be true, and yet the lands demanded not be confiscated by the act. The allegation may be all true, and yet the whole time within which the act required a seisin and possession, to give effect to the confiscation, excluded. The title set up, therefore, is wholly defective, and cannot be aided by the verdict.
I have not encumbered my opinion with a recital of the errors assigned by the plaintiff, because it was found to be unnecessary, from .the view taken of the case by the Court. We are all of opinion, for the reasons which I have stated, that the judgment must be reversed.
Note.—After this opinion was delivered, the Solicitor-General inquired of the Court, whether filing the information in another county than that where the land lies was matter of error. Sedgwick, J. We are all of opinion that that exception '‘ould not avail.