## DOE *vs.* WARREN *&* al.

*The law does not allow interest upon interest; not even where a promissory note is made payable with interest annually.*

IN this case,—which was *assumpsit* upon two promissory notes made *Jan.* 23, 1823, payable in six and seven years, with interest annually, but on which no interest had been paid nor demanded, for years,—the question was whether, in computing the sum now due, interest should be cast upon the accruing interest of each year, from the time it became due.

This question was briefly spoken to by *Boutelle*, for the plaintiff, and *W. W. Fuller* for the defendant ; and the opinion of the Court was delivered in *Cumberland*, in *August* following, by

WESTON J. Upon an examination of the English authorities, it will be found difficult to deduce any general principles, for the allowance of interest, which have been uniformly practised upon. It has been allowed in some cases, and denied in others ; without any apparent reason for a distinction. But no case has been cited, where compound interest, or interest upon interest, has been allowed by their courts. In *LeGrange v. Hamilton*, 4 *D. & E.* 613, it was decided, Lord *Kenyon* dissenting, that an express contract of that kind was not usurious. And this judgment was affirmed in the exchequer chamber. 2 *Hen. Black.* 144. But the condition of the bond in that case, with the explanatory memorandum thereon, upon which the question arose, will not be found to authorize or require that the interest should be added to the principal, and that both should carry interest. It merely provided that a portion of the sum, stipulated to be paid quarterly, should first be applied to keeping down the interest.

Chancellor *Kent*, in a case cited for the defendants, is very clear, upon a review of the authorities, that an express agreement to pay compound interest could not be sustained in chancery, and he expressed strong doubts, whether it would be valid at law. In the

case before us, there is no express contract to this effect ; and it is even contended that there being an express contract on the subject of interest, no other can be implied. The promise is, to pay interest annually. That must be understood to mean, and indeed it can have no other meaning, on the principal in the notes. This was the construction given to a similar note in *Pierce v. Rowe*, 1 *N. Hamp. Rep.* 179. There is therefore weight in the position taken by the counsel for the defendants, that a right to claim compound interest is not only not implied but excluded ; upon the legal maxims *expressio unius est exclusio alterius*, and *expressum facit cessare tacitum*.

But we do not place the decision of the cause upon this point. What is the ground of liability to pay compound interest? Because it is insisted that it is just, right and equitable that interest should carry interest, after it becomes due. But chancery denies a claim of this sort as inequitable, unjust and oppressive, as has been shown by Chancellor *Kent*. Can these terms have one meaning in chancery, and another at law? Is the standard of morality so uncertain, that what is wrong on one side of the hall of justice, may become right on the other? It must be remembered that this is a construction, upon which both systems of courts are left free to act, upon the great principles of justice. It is upon these principles alone, that promises are ever implied, or duties raised, at law. What is interest? It is an accessary or incident to principal. The principal is a fixed sum ; the accessary is a constantly accruing one. The former is the basis or *substratum* from which the latter arises, and upon which it rests. It can never, by implication of law, sustain the double character of principal and accessary. Whatever the plaintiff recovers beyond the face of the notes, the sum originally due, he recovers as interest. No part of it then has yet become principal, nor can it be so regarded. After interest however has accrued, the parties may, by settling an account, or by a new contract, turn it into principal. It is then in the nature of a new loan ; but it does not become principal, by operation of law, merely because it is due ; which is what is contended for on the part of the plaintiff.

In the opinion cited from *New York*, the learned Chancellor states that the Roman law was constant in its condemnation of compound

interest; referring to the code and to *Voet* on the pandects. And this is deservedly high authority, in whatever relates to private rights and personal contracts. In *Lane v. Cotton,* 12 *Mod.* 482, lord *Holt* says that the laws of all nations were raised out of the ruins of the civil law, and that the principles of the English law were borrowed from that system, and grounded upon the same reason.

Compound interest was allowed by the court in *Greenleaf v. Kellogg,* 2 *Mass.* 568, but the point raised by the defendant in that case, was, that no action could be maintained for the interest, until the principal fell due. The court decided otherwise ; and gave judgment for the interest, with interest thereon from the time it became due, until judgment was rendered. It does not appear that there was any discussion or argument, as to the correctness of this mode of computation. This part of the case was overruled in *Hastings v. Wiswell,* 8 *Mass.* 455, at a term of the court where *Parsons C. J.* presided, who was counsel for the plaintiff in the former case, and had cited it with approbation in *Tucker v. Randall,* 2 *Mass.* 284, as to the main point decided.

The mode of computing interest was settled by the court in *Dean v. Williams,* 17 *Mass.* 417, in which they say the law does not allow compound interest, and that the interest is never allowed to form a part of the principal, so as to carry interest. It is true, it does not appear that the note in that case was made payable with interest annually ; and it may, and perhaps ought, to be presumed to have been drawn in the common form. But if interest ought to carry interest when due, and because it is due, the rule should be uniform. Suppose a note is made payable in one year with interest, and it remains several years, without payment of either principal or interest. If then put in suit, it never has been pretended that more than simple interest can be recovered. And yet at the end of the year, the sum due and detained was the principal and interest ; and there would be the same reason for claiming interest on both, as there would be, if the note had been made payable with interest annually. So if a note was made payable in five years with interest, and remained eight years without any payment, only simple interest could be recovered ; although the amount due and detained, the

last three years, would be the principal and five years interest. And there would be the same reason for regarding the latter as an addition to the principal, as there would be for adding the accruing interest of each year to the principal, where, by the terms of the note, interest is to be paid annually. The only difference between the two cases is, that rests would be made in the one, more frequently than in the other.

But although the law does not allow compound interest; it has not been inattentive to the rights of creditors. It does not permit the debtor to detain the interest he has promised to pay annually; but furnishes a remedy, if not paid to the creditor at the end of each year, to recover it, if he chooses to exact it. The debtor then is sufficiently in his power; and if he is disposed to indulge him, he must be contented to receive simple interest.

Upon these principles interest must be computed, in the case before us, and judgment rendered accordingly.