## OTIS *vs.* LINDSEY.

The taking of *compound interest* is not *usury.*

ASSUMPSIT on a promissory note of hand for $72, 36, given by the defendant to the plaintiff in payment of two smaller notes which had been standing some years, and for a small sum of money lent. It appeared that in ascertaining the amount for which the new note should be given, the sum due on the old notes was computed upon the principles of compound in-

terest. This the defendant insisted was usurious, and the right of the plaintiff to recover was resisted upon that ground.

A verdict was returned for the plaintiff subject to the opinion of the whole Court upon the question.

*A. Belcher*, for the defendant, argued that the taking of compound interest was usury, and cited *Doe v. Warren*, 7 *Greenl.* 48.

It is taking more than *six per cent.*, which is unlawful.

Suppose one loan a sum of money and reckon interest on principles of compound interest and put it into the note payable on time, without interest — is not this *usury* ? If not, then the statute may always be avoided. If it be, then the note in this case is usurious.

In the case of *Doe v. Warren*, this Court decided that compound interest could not be recovered. But shall parties be permitted to evade the decision of the Court by putting the illegal interest into the note ?

*Otis*, for the plaintiff, cited the following authorities ; *Kellogg v. Greenleaf*, 2 *Mass.* 568 ; *Le Grange v. Hamilton*, 4 *D. & E.* 613 ; *Doe v. Warren & al.* 7 *Greenl.* 48 ; *Maine Bank v. Butts*, 9 *Mass.* 49 ; *Lyman v. Morse*, 1 *Pick.* 295, in note ; *Cro. Chas.* 263 ; *Cowper's R.* 115 ; 2 *Black. R.* 792 ; *Fire Ins. Co. v. Sturges*, 2 *Cowen*, 664 ; 2 *Hen. Blk. R.* 144 ; 1 *Buller's N. P.* 17 ; *Eaton v. Bell*, 5 *B. & A.* 34 ; *Kelley v. Walker*, 2 *Anstruther*, 495.

The opinion of the Court was delivered by

MELLEN C. J. — The note declared on in this case is clearly *not usurious*. *Compound interest* is not *usury*. In the note before us, nothing more than *lawful* interest was cast upon interest which had become due. No law prohibits such a transaction. *Ord on Usury* 36 ; *Hamilton v. Le Grange*, 2 *Hen. Bl.* 144 ; 4 *T. R.* 613, *S. C., Doe v. Warren*, 7 *Greenl.* 48. Though, according to this last decision, such *interest* upon *interest* is not recoverable on the ground that by *operation of law* it becomes *principal* and bears interest. Yet, after interest has accrued, the parties may, by settling an account, or by a new

contract, turn it into principal. That was done in the present case. It is true that the interest on the old notes was not payable annually, but still, if at the end of each year, a note had been given for the interest on each of those notes, and carrying interest, surely they might all have been recovered ; and why should the principle be different, because the *same amount* of interest was all cast at *one time*, and inserted in the new note, now in suit. It is only a different and more simple process, by which the same result is produced. The defence is wholly unsubstantial.

*Judgment on the verdict.*