## CURRY & CO. v. PAINE, ADM'R. &C.

1. A variance between the writ and declaration can not be reached by general demurrer, but must be brought to the view of the Court by plea in abatement.
2. W M declared as " administrator," without designating the estate on which he had administered, and disclosed as the cause of action, the indorsement of a promissory note by the defendant to the plaintiff; upon the cause being called for trial, W S P, administrator *de bonis non* of J G, deceased, was made a plaintiff, instead of W M—*Held*, that the declaration was by W M, individually, and the administrator of a third person could not be substituted as a plaintiff.
3. Where it is proposed to revive a suit in the name of an administrator as plaintiff, the defendant may require the production of the letters of administration; but if he pleads the *general issue*, he can not require them to be adduced to the jury.

WILLIAM MAGEE, as administrator *de bonis non*, of James Goodwin, deceased, brought an action of *assumpsit* in the County Court of Mobile, against James Curry and Charles W. Gazzam, as partners under the style of James Curry & Co.

In his declaration, Magee describes himself as administrator generally, and declares against James Curry and Audley H. Gazzam, as partners, &c.

There was a general appearance and demurrer, which being overruled, the defendants pleaded *non assumpsit.*

Upon the cause being called for trial, Wm. S. Paine, as ad-

Curry & Co. v. Paine, adm'r. &c.

ministrator *de bonis non* of James Goodwin, deceased, was made a party plaintiff, instead of Magee.

It appears from a bill of exceptions taken at the trial at the instance of the defendants, that after the general issue was pleaded, they craved oyer of the plaintiff's letters of administration; and further, the case being submitted to the jury, and the plaintiff's testimony closed, they moved the Court to charge the jury, "that after the defendants had craved oyer of the plaintiff's letters of administration, he could not recover against the defendants until he had produced them in open Court;" which charge the Court refused to give, and the defendants excepted.

A verdict and judgment being rendered in favor of the plaintiff, the defendants prosecute a writ of error to this Court.

J. A. CAMPBELL, for the plaintiffs in error, submitted the cause. No counsel appeared for the defendant.

COLLIER, C. J.—1. It is insisted for the plaintiffs in error, that their demurrer should have been sustained by the County Court, because the writ is at the suit of Magee, administrator of Goodwin, and against James Curry and Charles W. Gazzam; and the declaration is at the suit of Magee, in his own right, and against Curry and Audley H. Gazzam.

The variance between the writ and declaration, is certainly such as is supposed; but it has been repeatedly held, that a variance between the writ and declaration, cannot be reached by general demurrer, but must be brought to the view of the Court by plea in abatement.

The word "administrator," which follows the name of Magee in the commencement of the declaration, is a word to which no definite meaning can be attached, in the connection in which it is found.   It does not show of what, or of whose estate he is administrator, and cannot even be regarded as *descriptio personœ.*   The declaration then, was at the suit of Magee, individually.   This being the title which the declaration had given to the action, it was irregular to substitute as a plaintiff, Wm. S. Paine, administrator, *de bonis non* of James Goodwin, deceased.   The cause of action as disclosed by the declaration, was the indorsement of Curry & Co. of a promissory note to Magee, and on that, the administrator of Goodwin could

not recover. If the declaration had followed the writ, then the substitution of Paine would have been proper. But as the cause is shown by the record, it is clearly erroneous. It is nothing less than this, the bringing in of a new party as plaintiff, when there has been no abatement by death or otherwise; and this too, although it does not appear that the party coming in, has any interest in litigating the matter in controversy.

3. If the suit could have been revived in the name of Paine, the defendants might, before plea, have insisted to the Court, that the plaintiff should have produced the letters of administration under which he acted; but having pleaded the *general issue,* he could not be required to produce them as evidence before the jury.

But for the second objection here taken by the plaintiffs, the judgment of the County Court is reversed, and the cause remanded, that it may, if practicable, be regularly proceeded in by the plaintiff below.