## BAGBY, GOVEROR, &c. v. CHANDLER AND CHANDLER.

1. The Court in which a suit is pending, may, in its discretion, set aside an interlocutory judgment, and allow the defendant to make defence, at least, if he interposes a general demurrer, or plea to the merits.

2. An action may be maintained, upon the official bond of a constable against the principal and his sureties, without first establishing the default and liability of the former, in a separate suit.

3. The bond of a constable, though payable to the Governor *eo nomine* and his successors in office, is, in legal effect, an obligation to the Governor, as the chief executive officer; and may be sued and declared on, without noticing the obligee's name. Or, if the suit be brought in the name of the nominal obligee, (describing him officially,) who was superseded in office before its commencement, it will be regarded as an action by the Governor, and the name of the individual will be treated as surplusage.

Writ of error to the Circuit Court of Perry.

THIS was an action of debt, commenced in May, 1843, at the suit of the plaintiff in error against the defendants, as the sureties of James L. Chandler, for the performance of his duties as a constable of Perry county. The breaches alledged are, the receipt of two executions, (particularly described in the declaration,) on which the money has been made, but not paid over on demand; and further, that the same have not been returned. A demurrer was interposed by the defendants, which being sustained, a judgment was rendered accordingly.

H. DAVIS, for the plaintiff in error, made the following points. 1. The suit was well brought, in the name of A. P. Bagby, al-

though he ceased to be Governor before its commencement. See Clay's Dig. 364, § 9 ; 1 Stewart's Rep. 266 ; 3 Stew. & P. Rep. 18 ; 4 Porter's Rep. 90 ; 6 Porter's Rep. 32. If the objection was available, it should have been pleaded. [6 Ala. Rep. 143.]

2. It was not necessary to ascertain the liability of the principal, in order to make the defendants, his sureties, liable on their bond. [4 Stew. & P. Rep. 441.]

3. It is not necessary for a constable to renew his bond annually, to render his sureties liable for defaults, occurring more than one year after its date. See pamphlet acts 1833-4, p. 7. The statute there found, was not considered in the case in 5 Porter's Rep. 27, and was perhaps inapplicable, as the bond was executed before its passage.

4. All the breaches assigned, might, with propriety, have been embraced in the same declaration. [4 Stewt. & Por. Rep. 441, 445.]

5. The demurrer was interposed after a judgment by default had been taken, and set aside. This it is insisted, could not have been done.

T. Chilton, for the defendants. The statute requires the bond to be payable to the Governor for the time being, and his successors in office, and the suit must be brought in the name of the person who is Governor at the time of its commencement. The other objections which the plaintiff has attempted to answer, it is believed, are sufficient to have authorized the Circuit Court to sustain the demurrer.

COLLIER, C. J.—No formal judgment, by default, seems to have been rendered previous to the filing of the demurrer, but it was merely noted on the minutes of the Court, that the plaintiff claimed such a judgment, which was "to be opened on merits shewn." It appears from the final entry, that the parties came by their attornies, and the plaintiff's demurrer was argued by counsel, &c. Here, instead of indicating an objection to the consideration of the demurrer, it is clearly inferrable that it was assented to by both parties. But suppose such an objection had been interposed, is it competent to object on error that it was overruled? We think not. It is within the acknowledged power of a Court of primary jurisdiction, to set aside an interlocutory

judgment, and to allow the defendant to come in, and make defence to the action. Whether a special demurrer, (where allowable,) or a plea which does not litigate the merits, can be received, we need not inquire. A general demurrer is an admission of the facts which are well pleaded, and refers the law arising thereon to the judgment of the Court. [Cox v. Gulick, 5 Hal. Rep. 329; Neale v. Clantice, 7 H. & Johns. Rep. 372; Tucker v. Randall, 2 Mass. Rep. 284.] It is, according to the English practice, an issuable plea. [Marsh v. Barney, 10 Wend. Rep. 540; Roane's Adm'r v. Drummond's Adm'r, 6 Rand. Rep. 182.] The demurrer, then, so far as the record discloses the facts, was properly received, and the question is, whether it should have been sustained.

In the Governor, use, &c. v. White et al. 4 Stew. & P. Rep. 441, it was explicitly determined, that an action of debt may be sustained jointly against a sheriff, and his sureties, upon his official bond for a failure to pay over money collected by him, without first establishing the default and liability of the sheriff, by a separate suit. [See Governor v. Perkins, 2 Bibb's Rep. 395.] This case is conclusive to shew that the sureties and their principal were jointly suable.

It does not appear from the declaration, that the plaintiff is seeking to recover for a breach which occurred more than one year after the bond in suit was executed, so that it is unnecessary to consider whether the sureties undertook that their principal should faithfully perform his official duty for a longer period than twelve months. In Richardson v. Bean and Washington, 5 Ala. Rep. 27, we held, upon full consideration, that the sureties of a constable could not be made liable for his defaults, occurring after the expiration of a year, from the time of executing his official bond. If no statute has been enacted, modifying the law, since this case was decided, we should be disinclined to depart from it. See Hewitt v. State, 6 Har. & Johns. Rep. 95.

Constables elected in the several counties of this State are required to enter into bond, with sufficient security, to be approved by the Judges of the County Courts respectively, payable to the Governor for the time being, and his successors in office, &c. [Clay's Dig. 364, § 9, 366, § 18.] In the present case, no objection is made to the form of the bond, but it is insisted, that as the person to whom it is made payable *eo nomine*, had ceased to be Governor

Bagby, Governor, &c. v. Chandler and Chandler.

before the institution of the suit, the action should have been brought in the name of the individual who was the executive of the State, when it was commenced. Certainly the bond enured to the successor of the obligee, as the representative of the State, yet it by means follows, that his name should be stated as plaintiff of record.

The duty, for the performance of which the obligors bound themselves, attached, not the person, but to the office of the obligee, and an action for a breach, we think, might be maintained, at the suit of the Governor, without designating him by name. The Governor is an officer created by the constitution, and regulated by the constitution and laws, and is of continued existence, no matter who fills the executive chair. As an individual, he is not liable to costs, if unsuccessful in the suit, and can derive no personal benefit, from a recovery in his name. The bond in question, is then, in legal effect, an obligation to the Governor, for the benefit of the State, and may be thus declared on, without noticing the obligee's name.

In Findley v. Tipton, 4 Hayw. Rep. 216, it appeared, that a constable's bond was given to J. S., Governor, &c. though W. B. was in fact the Governor; the Court held, that the name of J. S. might be rejected, as surplusage, and that the bond was good, without inserting the name of the obligee. And in Smith v. Cooper, 6 Munf. Rep. 401, it was said, that in declaring on such a bond, it was not necessary to allege non-payment to the obligee or his successors.

So a bond to the treasurer of a town, may be sued in the name of the town—being in law a bond to the town. [Hopkins v. Plainfield, 7 Conn. Rep. 286.]

The action in the case before us, we have seen, might have been brought by the Governor, as an officer, without disclosing his name upon the record ; but if, instead of thus suing, he states the name of the obligee, the executive when the bond was consummated, who has been since superseded by a successor, it must be regarded as a suit by the Governor, and the name of the individual will be regarded as surplusage. If the name be stricken out, the officer is sufficiently indicated, both by the writ and declaration, as the plaintiff. The authorities cited, and the reason of the thing, all lead to this conclusion, so that it is unnecessary to add more on the point.

30

As to the frame of the declaration, no objection has been made to it, and we have not discovered that it is defective in substance. From what has been said, it results that the demurrer to the declaration should not have been sustained. The judgment of the Circuit Court is therefore reversed, and the cause remanded.