## BAGBY, use, &c. vs. BAKER et als.

1. The bond of a sheriff, payable to the person, who for the time being holds the office of Governor, in his official character, and his successors in office, is to be regarded as payable to the office, and not to the person of the incumbent, and a suit upon it in his individual name cannot be maintained.

ERROR to the Circuit Court of Russell. Tried before the Hon. N. Cook.

PARSONS & WHITE, for the plaintiff.

RICE, for the defendants.

DARGAN, C. J.—On the trial of this cause a verdict was rendered in favor of the plaintiff, but bills of exceptions were taken to the ruling of the court by both parties, and both have assigned errors; and it is agreed that the cause shall be tried as upon separate writs of error. But we shall examine only one question, because that is fatal to the action.

The action is debt in the name of Arthur P. Bagby, who sues for the use of Benjamin T. Lowe. The declaration is upon the official bond of Benjamin H. Baker, as sheriff of Russell county, and several breaches of the condition thereof are assigned. The bond is made payable to Arthur P. Bagby, Governor of the State of Alabama, and his successors in office, and bears date at a time when Mr. Bagby was Governor, but the suit was commenced after his term of office had expired. The defendants demurred to the declaration, but the demurrer was overruled, and this is the first assignment of error on the part of the defendants All sheriffs are required to give bond and security for the faithful performance of the duties of their office, and such bonds are required to be made payable to the Governor for the time being, and his successors in office.—Clay's Dig. 535. The person that happens to fill the office of Governor, at the time of the execution of the bond, takes no individual or private right in or to the bond. Indeed it is considered that the bond is payable to the office of Governor, and not to the individual who fills that office. In the case of Bagby, Governor, v. Chandler et al., 8 Ala. 230, it was said, "that the duties, for the performance of which the obligors bound themselves, attached not to the person but to the office of the obligee, and that an action might be maintained at the suit of the Governor, without designating him by name;" and the court in that case held that the name of Arthur P. Bagby might be considered as surplusage, and the suit considered as one brought in the name of *the Governor*, for the use of the party injured by the breach of the condition of the bond, and, therefore, maintainable, although commenced after the expiration of the term of office of Mr. Bagby as Governor.

But in the case before us, the suit is not, and cannot be considered as brought in the name of the Governor, but in the name of Arthur P. Bagby, in his individual character, and, therefore, the declaration must show a debt or duty due to him in his individual capacity, or it does not show a cause of action, of which

he can complain. But the declaration describes an obligation payable to the Governor of the State, and not to the plaintiff; he, therefore, can maintain no action for a breach of it in his own name.

The court erred in overruling the demurrer, and the judgment must be reversed; nor is it necessary to remand the cause, for there is nothing in the writ by which the declaration can be amended. The judgment being reversed on the assignment of errors by the defendants, they must recover costs against the plaintiff.