CHAPMAN, GOVERNOR, &C. *vs.* SPENCE ET AL.

1. A writ in the name of "Reuben Chapman, Governor, &c.," is his individual suit, and will not support a declaration in the name of "Reuben Chapman, Governor of the State of Alabama."

2. When there is a total departure from the writ, it is not necessary to plead it in abatement, but the declaration may be stricken from the files on motion.

3. When suit is brought for the use of a third person, he cannot use the name of one nominal plaintiff in the writ, and another in the declaration; the nominal plaintiff being an indispensable party, the variance is fatal.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

DEBT on a sheriff's bond, against him and his sureties. The writ is in the name of "Reuben Chapman, Governor, &c., who sues for the use of the Branch of the Bank of the State of Alabama at Decatur;" and the declaration *is* in the name of "Reuben Chapman, Governor of the State of Alabama, and successor in office of Benjamin Fitzpatrick, who sues for the use of the Branch of the Bank of the State of Alabama at Decatur."

The defendants below moved to strike the declaration from the files, because there was no writ in the case which would support it, and because it was a gross departure from the writ on file. The motion was allowed, and the declaration ordered to be stricken from the files; whereupon *the plaintiff took* a non-suit, with leave to move to set it aside in this court.

L. E. PARSONS and JOHN WHITE, for plaintiff in error:

1. It is impossible, we think, to hold that the writ in this case will not authorize the declaration which was struck from the files. The writ was issued April 13, 1848; and the court will judicially take notice that Reuben Chapman was governor at the date of the writ. The endorsement of the cause of action is thus stated; "The within action is founded on the official bond of said Spence, as sheriff of Talladega county," &c., "payable to Benjamin Fitzpatrick, Governor, and his successors in office." This was not a variance. Caldwell v. Branch Bank at Mobile, 11 Ala. 551. The statute requires

the sheriff's bond to be made payable "to the governor for the time being, and his successors in office;" it does not add the words, "of the State of Alabama." The case of Bagby v. Baker, 18 Ala., does not apply to this at all.

2. If there is any variance at all, it is so slight that the court should have permitted an amendment. The statute provides, "that the party may amend, by the record, any mistake in the christian name or surname of either party." If the writ is a part of the record for the purpose of sustaining a motion to strike out the declaration, is it not also for the purpose of amendment? Clay's Digest 321, § 50; 11 Mass. 338; 11 Ala. 549.

3. If there is anything in the objection, it ought to have been pleaded in abatement. If a corporation sue or is sued by a wrong name, to take advantage of the misnomer, it must be pleaded in abatement, and not in bar. Angell and Ames on Corporations 514; 1 Chitty's Pleadings 440; Bank of Utica v. Smalley, 2 Cowen 778; Medway Manuf. Co. v. Adams, 10 Mass. 360. A variance between the writ and declaration must be pleaded in abatement, 9 Porter 195; 9 Ala. 866; 3 ib. 154; ib. 741. And the statute is to the same effect. Clay's Digest 335, § 123. The usee is the real party plaintiff; he is responsible for the costs, and alone interested in the suit.

RICE & MORGAN, contra:

1. The governor of the State of Alabama is a corporation sole. Article 4 of the Constitution, § 1; Governor v. Allen & McMurdie, 8 Humph. 176; Bagby v. Baker, 18 Ala. 653.

2. The writ cannot be considered as brought in the name of the governor of the State of Alabama; it is the individual suit of Reuben Chapman. The words, "Governor, &c.," used in the writ, are mere surplusage, or a descriptio personæ. 18 Ala. 653; 6 ib. 387; 4 Rand. 359. When the suit is by the governor as an officer, or as a corporation sole, the name of the individual is surplusage, and may be stricken out. Bagby v. Chandler, 8 Ala. 230. Strike out "Reuben Chapman" in this case, and the writ is a nullity. 20 Ala. 576.

3. A corporation, whether aggregate or sole, can only sue in the name given it by law. 4 Rand. 359; 2 Bacon's Abr. 440, 444.

4. A writ in favor of an individual will not sustain a declaration in favor of an officer or corporation. Such declaration is a nullity, and may be so treated. 1 Ala. 74; 4 ib. 120; 11 ib. 618; 18 ib. 395; 1 ib. 525; 2 Dev. Law R. 156.

5. The writ shows who are the parties to the suit, and these parties cannot be changed. A writ by one man will not authorize a declaration by another. All the pleadings must be in the name of the parties shown by the writ. A stranger cannot be permitted to intervene. 16 Ala. 813.

6. A writ or process is necessary to give the court jurisdiction; and it only confers jurisdiction over the defendant, as to the plaintiff in the writ. The court cannot compel the defendant to plead or demur to a declaration by another plaintiff. 2 Dev. Law R. 156.

7. The objection was beyond the power of amendment; the declaration introduced an entirely new and different plaintiff. 1 Ala. 525; 18 ib. 395; ib. 653; 2 Dev. Law R. 161.

8. The objection was properly taken by motion to strike the declaration from the files. The plaintiff never filed any declaration at all, and how could the defendant plead in abatement? This is not the case of a variance between the writ and declaration; but it is the bringing in of a new party plaintiff, when there has been no abatement by death or otherwise. 3 Ala. 154; 16 ib. 813; 3 Stew. 322. The rule which requires a variance between the writ and declaration to be pleaded in abatement, applies to only three classes of cases: 1. Where the identity of the parties is admitted, but there is a mistake in the name; 2. Where the form of the action is changed; 3. Where the plea gives the plaintiff a better writ. 18 Ala. 395.

9. The motion to strike the declaration from the files was addressed to the discretion of the court, and cannot be revised on error. 9 Ala. 866; 4 ib. 118; 9 Porter 232. The case last cited also shows, that the endorsement of the cause of action is no part of the writ.

LIGON, J.—That the governor of this State is a corporation sole, which can never die, but exists by constant succession of some individual to the office, is a proposition which at this day will scarcely be doubted. The Governor v. Allen

& McMurdie, 8 Humph. 176; Polk v. Plummer et al., 2 Humph. 506. But this is to be understood of the officer, and not of the person; so that when a bond, required by law to be made payable to the governor of the State, and his successors in office, is made payable to a particular individual by the style of governor, the bond must be regarded as payable to the officer, and not to the person; and a suit brought upon it by the governor, in his name and style as such, for the use of the party injured by the breach of it, will be sufficient. For this reason, also, a suit brought on such bond in the name of the individual who fills the office at the time the bond was made or the suit instituted, without employing his corporate style and name in connection with it, would be the suit of the person, and not of the officer, and consequently would be bad. Bagby, use &c. v. Baker, 18 Ala. 653; Bagby v. Chandler & Chandler, 8 Ala. 230.

If, then, a writ be issued in the name of the person who holds the office of governor for the time being when it is commenced, and at the same time describing him by his official or corporate name, the name of the individual may be regarded as surplusage, and if stricken out would not invalidate the process. Bagby v. Chandler, *supra*.

But, if the individual name is used, and the constitutional and legal style of the officer be so imperfectly set out that it cannot be looked upon as the suit of the officer, the proceedings must be regarded as that of the individual. For when it is necessary to retain the name of the individual, in order to validate the writ, it will be treated as his suit. Bagby, use &c. v. Baker, *supra*.

By our constitution, the corporate style and designation of the governor is, "The Governor of the State of Alabama." Constitution of Ala., Art. 4, Sec. 1. By him, in this style, all suits must be brought which he is authorized to institute, whether for the benefit of the State, or for individuals; and to him, by this style, all bonds, recognizances, &c., must be made payable, in order to render them good as statutory obligations.

A material departure from it in the writ, would render that process bad, and subject it to be quashed on the proper plea; and an imperfect description of it in a bond or recognizance,

would prevent the penalty from being enforced under a statutory remedy, if that remedy differed from the one given by the common law on instruments of the same class.

In order to ascertain whether the writ in this case issued at the suit of the governor of the State of Alabama in his official capacity, or whether it is to be regarded as the suit of Reuben Chapman as an individual, it must be tested by the rules above laid down.

Can the name of Reuben Chapman be stricken from this writ, without invalidating it as a process of the court. To render a process good, it is necessary, among other things, that it be certain as to the person suing it out. If it be so uncertain in this respect, that it cannot be ascertained from the writ itself, who is the plaintiff in the action, it is invalid as a process, and the defendant is not bound to answer to it. Strike, then, the name of Reuben Chapman from this writ, and it will run in the name of "Governor, &c.," a designation entirely too uncertain for us to say who is meant by it. But strike this uncertain description from it, and it is a good writ, in which Reuben Chapman is the plaintiff, for the use of the Branch of the Bank of the State of Alabama at Decatur.

The writ being in the name of Reuben Chapman, in his individual capacity, will not support a declaration in the name of "the Governor of the State of Alabama." The departure is total, and there was no necessity to plead it in abatement. A motion to strike the declaration from the files was proper, and there was no error in allowing it. Curry v. Paine, 3 Ala. 154; Reid & Co. v. McLeod, 20 Ala. 576.

The fact that the usee is the same both in the writ and declaration, cannot prevent this result; for his right of recovery necessarily depends upon that of the principal plaintiff, as, without him, he has no standing in court. He is not allowed to sue in his own name; and although he may use that of the payee or obligee in the bond, against the latter's consent, where the whole interest in the demand belongs to the usee, still, as there is no assignment, the payee is an indispensable party. The usee, therefore, will not be allowed to set up his right under one payee or obligee in his writ, and under another, and a different one, in the declaration.

The judgment below must be affirmed, and the non-suit be allowed to stand.