*Charles Bradley & George B. Barrows*, for plaintiff.

*William H. Greene & Patrick J. McCarthy*, for defendant.

---

DANIEL L. D. GRANGER, City Treasurer of the city of Providence, *vs.* MICHAEL J. HAYDEN *et als.*

A statute provided that before the issue of a license the applicant should give "bond to the town or city treasurer." Bond was given to T., city treasurer, "to be paid to the said T., city treasurer as aforesaid, and his successors in said office."

*Held*, that the bond was given to T. in his official capacity pursuant to a statute, and could be sued by the successors in office of T. whether they were named in the statute or bond or were not so named.

*Held*, further, affirming *Coggeshall* v. *Pollitt*, 15 R. I. 168, that suit on the bond could be maintained without a prior conviction, on criminal complaint of the principal debtor in the bond.

DEBT on bond. On demurrer to the declaration.

*November* 22, 1890. DURFEE, C. J. This is debt on a liquor dealer's bond for $1,000, given September 2, A. D. 1889, by the defendants to Benjamin Tripp, city treasurer of the city of Providence, "to be paid to said Benjamin Tripp, city treasurer as aforesaid, and his successors in said office." The plaintiff sues as city treasurer of the city of Providence, and the successor in said office of Benjamin Tripp, late treasurer of said city, so describing himself in the declaration. The defendants demur to the declaration, and contend, in support of the demurrer, that the plaintiff cannot, in his said capacity as successor in office of the obligee named in the bond, maintain an action thereon, and refer to Pub.

Laws R. I. cap. 816, § 2, of August 1, 1889, under which the license was issued and the bond given. Said section provides that before any license shall be issued under said chapter, the person applying therefor "shall give bond to the town or city treasurer in the penal sum of one thousand dollars," but makes no provision for the bond's running likewise to the successors in office of such town or city treasurer. They argue that, inasmuch as there is no such provision, the words "to be paid to said Benjamin Tripp, city treasurer as aforesaid, and his successors in said office," were unauthorized and should be treated as mere surplusage, and that without them the plaintiff can have no claim to maintain the action. They refer to *Stevens* v. *Hay*, 6 Cush. 229. The bond there was given to the selectmen of a town, and their successors in office, and the court held that the successors could not maintain an action on it; but the bond was not official, being unauthorized by statute. The court treated it as a mere common law bond. The bond here in suit is official, having been given to and received by Benjamin Tripp, as city treasurer, simply in his official capacity, in pursuance of a statutory requirement. For such a bond we think the correct rule is that laid down in *Polk* v. *Plummer*, 2 Humph. 500; 37 Amer. Decis. 564; namely, that where such a bond is given to an officer having legal succession, the officer is the payee, and the successor, whether described *eo nomine* either in the statute or bond or not, may sue on the bond. To the same effect see *Anonymous*, 1 Hayw. N. Car. 144; *Dowd* v. *Davis*, 4 Dev. N. Car. 61; *Bagby* v. *Chandler*, 8 Ala. 230; *Bagby* v. *Baker*, 18 Ala. 653; *Stephens* v. *Crawford*, 1 Ga. 574, 44 Amer. Decis. 680. We do not think the demurrer can be sustained on this ground.

The defendants also contend that the declaration is bad because it does not show that the party named as principal in the bond has ever been convicted on criminal complaint of a violation of said chapter 816 in the particular in which he is alleged to have committed a breach of the bond. In *Coggeshall* v. *Pollitt*, 15 R. I. 168, this court decided that such previous conviction was not prerequisite to a suit on the bond. That decision was on a bond given under Pub. Stat. R. I., cap. 87; but we do not discover any difference between that chapter and said chapter 816, that calls for a

different decision. Indeed, the later chapter seems to be in this respect merely a reënactment of the former.

*Demurrer overruled.*

*Nicholas Van Slyck,* City Solicitor of the city of Providence, & *Cyrus M. Van Slyck,* Assistant City Solicitor, for plaintiff.

*John M. Brennan,* for defendants.