JENNIE E. MILLS, Plaintiff, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.— Submission of controversy on an agreed statement of facts. The insured obtained several loans, or advances, from the company, on the security of his policy of life insurance. Subsequently he defaulted in payment of premium and the policy lapsed. The amount of the indebtedness was deducted from the cash value of the policy as of the date of lapse, and the remainder, being 65 cents, was used to purchase temporary insurance for a period of seven days. The insured died about five months thereafter. The plaintiff claims that the net cash value on the date of lapse was not sixty-five cents, but $86.33, which would provide temporary insurance for a period extending beyond the date of death. Judgment is unanimously directed for the defendant, without costs. During the period of about eighteen years prior to the lapse of the policy, the insured upon nine occasions obtained loans, or advances, from the company on the security of his policy. None of the advances was ever repaid. After the first advance, part of the proceeds of each succeeding advance was used to satisfy or discharge the prior advance, plus accumulated interest thereon. The remainder of such proceeds was given to the insured in cash, and in some instances partly in cash and partly to pay premiums on the policy. Because part of the proceeds of each increased advance was used to pay accumulated interest on the prior advance, interest upon interest resulted as a fact. We hold that this was unavoidable, or at least that it was within the right of the company to use part of the proceeds of the advance to satisfy the prior indebtedness, including accumulated interest. The company was not required to keep separate accounts of new advances, with the past advances kept open to run at simple interest until an undetermined future date. Moreover, the insured indulged in the procedure without protest and as a party thereto, and, even if the unpaid interest upon its due date did not merge with and assume the character of principal, the plaintiff cannot now recover, as the right to retain compound interest when voluntarily paid is unassailable. (*Young* v. *Hill*, 67 N. Y. 162, 167.) The right to charge

interest in advance on the policy loans is provided by the contract which states that the amount of any loan is " a sum which, with interest, shall not exceed the cash value at the end of the then current policy year * * *." Moreover, the practice of charging interest in advance did not result in a charge of more than six per cent, inasmuch as an appropriate credit was given for the " prepayment." Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.