BENEFICIAL FINANCE CO.
(MAINE)
*vs.*
JOHN C. FUSCO
GERALD COPE

Cumberland.    September 29, 1964.

*Berman, Berman, Wernick & Flaherty,*
   by *Sidney W. Wernick,* for Plaintiff.

*Dana W. Childs,*
*Gerald S. Cope, pro se,* for Defendants.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

RESCRIPT

TAPLEY, J.  On report.  This action comes to us on report on an agreed statement of facts.  Gerald S. Cope, upon motion addressed to the court below, was allowed to intervene as a party defendant.

The plaintiff, Beneficial Finance Co. (Maine), (hereinafter referred to as Beneficial) is a corporation qualified to do business in the State of Maine.  It is a licensee under the Maine Small Loan Law, R. S., 1954, Chap. 59, Secs. 210-227, as amended.  Beneficial, by this action, is seeking to collect the total sum of $408.66 from the defendant Fusco.  This amount is alleged to be due as the result of the default by the defendant of payment of a note payable to Beneficial, the note bearing date of February 1, 1961.  The defendant pleads, in defense, that the note which forms the basis of the action is in violation of Sec. 218, Chap. 59, R. S., 1954, as amended, and therefore the note dated February 1, 1961 is void and uncollectible.

Section 218 is couched in the following language:

> "Interest payable under the provisions of sections 210 to 227, inclusive, shall not be payable in advance or compounded, and shall be computed on unpaid balances.  In addition to the interest herein provided for, no further or other charge or amount whatsoever for any examination, service, brokerage, commission or other thing, or otherwise, shall be directly or indirectly charged, contracted for or received, except lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording in any public office any instrument securing the loan, which fees may be collected when the loan is made, or at any time thereafter.  If interest or charges in excess of those permitted by sections 217 and

218 shall be charged, contracted for or received, the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever."

The facts of the case are supplied by agreed statement reading as follows:

"In addition to the allegations of fact admitted by the pleadings on file, the parties stipulate the following facts:

"1. When the defendant came to the office of the plaintiff on February 1, 1961, for the purpose of borrowing additional money, defendant was in. default under the terms of the promissory note, described in the complaint, for the loan made on July 25, 1960, and there was then due and owing the entire unpaid balance of principal in the amount of $355.15 and accrued interest thereon in the amount of $8.17, a total of $363.32.

"2. On February 1, 1961 the defendant's request for an additional loan from the plaintiff was approved and the plaintiff and defendant entered into the following transaction: The defendant executed and delivered to the plaintiff a new promissory note in the face amount of $499.45, photographic copy of which is hereto annexed and incorporated as a part hereof, identified as 'Exhibit A.' Said note was secured by a chattel mortgage on various items of personal property. The face amount of the new note was computed as follows:

"(1) The unpaid principal balance due on the prior note, in the amount of $355.15;

"(2) Interest due on the prior note, in the amount of $8.17;

"(3) Recording fee of $1.00;

"(4) $135.13 new and additional money being borrowed by the defendant, and being slightly in excess of the amount defendant had re-

quested to borrow in order to allow the new note to provide for 24 monthly installments in amounts of $28, plus a final installment covering unpaid principal and accrued interest thereon.

"The aforesaid borrowing transaction was completed by plaintiff's delivering to the defendant the sum of $136.13 in cash and taking back from the defendant $1 to cover recording fee for the chattel mortgage. The prior note was thereupon stamped 'Paid' and was delivered by plaintiff to defendant together with the chattel mortgage securing it, the mortgage being discharged.

"3.  At the time of the filing of the complaint and of service of the complaint on the defendant, defendant was, and for a long time prior thereto had been, in default on the note executed by defendant, as described in the complaint, on February 1, 1961.  Pursuant to the option provided to plaintiff as the holder of said note by the terms of said note, plaintiff has declared the entire unpaid balance of the principal on said note and the accrued interest thereon due and payable at once, said amount being the sum of $408.66.

"4.  Annexed hereto and identified as 'Exhibit B' is a copy of plaintiff's ledger card containing only plaintiff's entries of all payments made on the loan dated July 25, 1960 by plaintiff to defendant referred to in paragraphs 3 and 4 of the complaint and in paragraph 1 of this stipulation."

The issue is whether the promissory note which includes $8.17, past interest due and unpaid under a previous note, is "interest - - - compounded" in violation of Sec. 218, Chap. 59, R. S., 1954, as amended.  Determination of the issue requires construction of Sec. 218 in order to decide whether or not the interest bearing note executed under the factual circumstances as presented by the agreed statement represents in part the sum of $8.17 as "interest - - - compounded" as the term has meaning within the concept of Sec. 218.

The positions of the respective parties are clear and well defined. Beneficial claims that when the parties executed the note of February 1, 1961 for the purposes of the defendant borrowing additional money and paying off the original note, the $8.17 as accrued interest and unpaid under the first note became transformed into principal in the note of February 1, 1961. In opposition to this contention defendant says that when the amount of interest of the first note ($8.17) became a part of the indebtedness evidenced by the second note it was "interest compounded" within the intent of Sec. 218.

The Legislature in 1917 enacted a statute regulating the business of making small loans (Chap. 98, R. S., 1917). Sec. 9 of Chap. 98, to all intent and purposes, is like that of Sec. 218. Since 1917 this court has had no occasion to consider the question presented here.

The legislative enactment of 1917 took place against the background of some Maine case law concerning compound interest. In *Doe* v. *Warren, et al.*, 7 Me. 48 (1830), the court had occasion to consider the question of the legality of compound interest. On page 49 the court said:

"What is interest? It is an accessary or incident to principal. The principal is a fixed sum; the accessary is a constantly accruing one. The former is the basis or substratum from which the latter arises, and upon which it rests. It can never, by implication of law, sustain the double character of principal and accessary. Whatever the plaintiff recovers beyond the face of the notes, the sum originally due, he recovers as interest. No part of it then has yet become principal, nor can it be so regarded. After interest however has accrued, the parties may, by settling an account, or by a new contract, turn it into principal. It is then in the nature of a new loan; but it does not become principal, by operation of law, merely because it is due; - - - ."

In *Otis* v. *Lindsey*, 10 Me. 315 (1833), a note was given by the defendant to the plaintiff in payment of two smaller notes and for a sum of new or additional money loaned. The sum claimed due on the old notes included compound interest. The court stated, on pages 316-317:

> " - - - such interest upon interest is not recoverable on the ground that by *operation of law* it becomes principal and bears interest. Yet, after interest has accrued, the parties may, by settling an account, or by a new contract, turn it into principal." (Emphasis supplied.)

In light of these judicial pronouncements, where interest compounded by operation of law is illegal but when accrued and payable it becomes part of the principal of a new loan, the 1917 Statute was enacted. In these early cases Maine recognized a distinction between interest upon interest occurring by operation of law, and when interest was transformed into principal by agreement under a new loan contract. At the time of the enactment of the Statute of 1917 the case law of Maine determined that interest cannot, by operation of law, be compounded, but when it accrues and becomes due, then, by agreement of parties, it may legally be made a part of a new principal and thereby lose its identity as interest.

Counsel for defendant urges that *Madison Personal Loan* v. *Parker*, 124 F. (2nd) 143 (2nd Cir. 1941) is the leading authority on the question involved here and is decisive of this case. The case involves the construction of a section of the Small Loan Act of New York which is similar to the Maine Statute. On June 23, 1939 Parker executed a promissory note in the amount of $287.00, bearing interest at the maximum rate permitted under the Small Loan Act. The note was secured by chattel mortgage. $159.29 of the amount of $287.00 was paid to Madison Personal Loan in satisfaction of a prior loan representing $158.19 principal and $1.10 interest. The remaining $127.71 was paid to

Parker. The court held that it was immaterial whether the $287.00 loan was a "renewal" or a "new" loan. It does not recognize the principle of transforming *interest* to *principal* as approved by *Otis* v. *Lindsey, supra.* The decision in Madison Personal Loan supports the contention of the defendant.

Counsel for Beneficial argues that *Household Finance Corporation* v. *Goldring, et al.,* 33 N. Y. S. (2nd) 514 (1942), affirmed in 289 N. Y. 574, 43 N. E. (2nd) 715, is controlling and determinative of the question now before us. The case interprets "compound interest" as used in a section of the Small Loans Act similar to the Maine Statute. It is the same section involved in Madison Personal Loan. The facts are substantially these: The defendants borrowed $120.00 from the Household Finance Corporation on December 21, 1939, with interest at the rate of $2\frac{1}{2}\%$ on unpaid principal balances. On November 9, 1940, after having paid 10 installments of $10.70 each, defendants requested the plaintiff to grant a new loan of $125.00. There was a balance due on the old note of $68.42 to which was added the sum of 46c for interest from November 1 to November 9, 1940, making a total of $68.88. The plaintiff retained $68.88 and paid the balance of $56.12 to the defendants. Defendants failed to make any payments on the new note, whereupon suit was instituted. In defense the defendants contended that when the plaintiff deducted 46c from the proceeds of the new loan of $125.00 there was a compounding of interest, in violation of the statute and therefore the loan was void. In its opinion the court said, on pages 517-518:

> "It is not disputed and was, indeed, conceded on the argument, that if the defendants had paid their earlier note together with the accrued interest of forty-six cents, and had thereupon borrowed from the plaintiff the full amount thus paid or any other sum, no question of compounding interest would

arise. It is contended, however, that because the balance of the earlier note together with the interest of forty-six cents was not paid in cash to the lender but was deducted from the proceeds of the new loan, interest has been compounded and the note is void. The realist must at once suspect that there is something wrong in such a paradox and that, both in theory and in practice, the transactions are identical. When the lender deducts the accrued interest from the proceeds of a new loan, the transaction differs in no respect from a payment of the interest in cash. Compare, Mills v. Equitable Life Assurance Society of United States, 262 App. Div. 907, 28 N. Y. S. 2d 1013. The lender merely pays to himself the amount which is due for interest out of the sum which otherwise would be paid to the borrower and immediately repaid by the borrower to the lender. The interest thus incorporated as a part of the principal of the new loan is as truly an 'unpaid principal balance' within the meaning of the statute as if the borrower had paid the interest in cash and received the full proceeds of the loan. It is obvious, also, that a different rule would serve only to require the lender to exact payment of the note with the interest in cash before making the new loan, thereby benefiting neither the lender nor the borrower.

"We think the term 'compound interest', as it is commonly understood, applies to an agreement whereby interest thereafter to accrue automatically bears interest. Such agreements the law has refused to countenance principally for the reason that an improvident debtor is not likely to realize the extent to which the interest will accumulate. Though the term 'compound interest' may apply in certain other circumstances, we think it does not apply where interest has already fallen due and has become a debt which, like any other debt, may either be paid in cash or reloaned to the debtor under a new agreement that it shall bear interest. Such an agreement is not a snare which is likely to entrap the unwary, for the borrower

cannot fail to realize the exact extent of his obligation. He may pay that interest in cash or, if the parties agree, he may arrange a new loan which will bear interest and, as here occurred, allow the interest to be deducted from the proceeds. In neither event does it seem to us that interest is compounded within the ordinary meaning of that term.

"We think the true principle to be applied is that upon maturity of the note either by expiration of its terms or by agreement of the parties, the interest when deducted from the proceeds is to be regarded as a part of the principal of the new loan and, accordingly, that the interest charged on the total debt does not constitute 'compound interest.' "

The definition of the term "compound interest" as used and defined in *Household Finance Corporation* v. *Goldring, et al., supra* was accepted and approved in *Barutio* v. *New York Life Ins. Co.*, 177 S. W. (2nd) 685 (Mo.) (1944).

" - - - - No licensee shall induce or permit any borrower to split up or divide any loan, and all sums owed by any person at any 1 time shall be considered as 1 contract of loan for the purpose of computing the interest payable thereon. No licensee shall induce or permit any person, nor any husband and wife, jointly or severally, to become obligated, directly or contingently or both, under more than 1 contract of loan at the same time, for the purpose or with the result of obtaining a higher rate of interest than would otherwise be permitted by this section." Chap. 59, Sec. 217, R. S., 1954.

"Interest payable under the provisions of Sections 210 to 227, inclusive, shall not be - - - compounded - - - - ." Chap. 59, Sec. 218, R. S., 1954.

The quoted portions of these two sections were designed to prohibit the obtaining of a higher rate of interest than is permitted on any one contract of loan. It is clear that

should compound interest be charged on any loan, that loan would be void and legally uncollectible. Insofar as the interest portion of the Small Loan Act is concerned, it operates in its prohibitory manner against the lender. It protects the desperate borrower from the requirement of paying the lender a high and unjust profit on his money, thereby curing the evils of the small loans business which existed prior to statutory regulation.

Defendant contends that although the interest was not compounded on the original loan it held its character as interest when it became a part of the new contract of loan and therefore became "interest - - - compounded."

The defendant was in default of the original note of July 25, 1960 and sought the second loan for the purposes of paying the defaulted note and borrowing new and additional money. The Beneficial agreed to the request for a loan and from the proceeds of this loan the defendant paid Beneficial $363.32, including accrued and payable interest of $8.17 and received as *new money* $135.13. The new and distinct contract of loan was secured by a chattel mortgage. The parties to this action are competent to contract. The defendant was not forced to borrow from the Beneficial more money to satisfy his obligation. He could have borrowed elsewhere and paid the note or remained defaulted and forced action for collection. He chose, however, to return to the original lender, the Beneficial, to request another loan. He was motivated by two reasons, one to borrow sufficient money to pay off his indebtedess to the Beneficial and the other to obtain *new money*. The principal amount due under the first note, the accrued interest of $8.17 plus the *new money*, became the principal of the new note. According to the position of counsel for the defendant, had the defendant obtained the $8.17 from a source other than from the proceeds of the new contract of loan and paid the Beneficial the amount of $8.17, the new contract of loan evi-

denced by the note would not have been void and uncollectible. Common sense does not support the reasoning that the Legislature intended that the prohibition of compounding interest on a loan would apply to the factual circumstances which obtain in this case.

The force of *Household Finance Corporation* v. *Goldring, supra,* is persuasive in its influence on the issues of this case. It construes the New York Statute which in all pertinent respects is like the Maine Statute. It is based on factual circumstances which are practically identical with those of the instant case. The reasoning and result in *Household Finance Corporation* were in manner approved by the New York Legislature when in May, 1942 it enacted a revision of Sec. 352 of the Banking Law of New York.

> "Interest, consideration, or charges for the use of money, shall not be deducted or received in advance and shall be computed on unpaid principal balances. Such interest, consideration or charges shall not be compounded; provided that, if part or all of the principal amount of any loan contract is the principal balance of a prior loan, the unpaid interest, consideration or charges for the use of money on such prior loan which have accrued within sixty days before the making of such loan contract may be incorporated as interest bearing principal in the principal amount of the loan contract, and for the purposes of this paragraph any such new loan shall be deemed a separate loan transaction." Chap. 605, New York Laws, 1942.

In 1963 the Maine Legislature amended Sec. 218 (Chap. 141, Sec. 4, P. L., 1963) with an amendment identical in terms with the New York amendment of 1942. This action on the part of the Maine Legislature is evidence that it not only approved the New York amendment but also indicated by implication that the construction given the New York Statute in *Household Finance Corporation* is equally applicable to the Maine Statute.

Section 218 provides that the interest rates under Sec. 217 shall not be compounded. By statute there can be only one contract of loan and on that one contract of loan there shall be no compounding of interest. When Secs. 217 and 218 are read and construed together it is obvious that the Legislature intended to prevent the lender from obtaining high and unconscionable interest by prohibiting any loan which would result in increasing the prescribed rates of interest on any *one contract of loan*. When the obligations of an existing loan are satisfied then a new contract of loan may be entered into between the same parties under the same limitations and restrictions as are provided under Secs. 217 and 218. In this case, under the first loan, there was no compound interest charged or collected. The interest which *had accrued and was payable* under the first contract of loan legally became part of the principal under the new contract and upon this principal the interest was not compounded but was charged in accordance with the rates prescribed under Sec. 217.

We perceive in the contract of loan no violation of the statutes nor anything unconscionable, against public policy or injuriously oppressive to the defendant debtor.

We are of the opinion, and so determine, that the note of February 1, 1961 is a legally effective and enforceable document.

The entry shall be:

> *Judgment for the plaintiff for $408.66, with interest from date of complaint, and costs.*