McKenzie v. Stevens.

19 691
110 342

## McKENZIE *vs.* STEVENS.

1. When a father pays without objection an account contracted by his minor son while attending school at a distance from home, the payment is equivalent to a recognition of the son's authority to bind him, and will render him liable on a similar account subsequently contracted.

2. When the authority of the son to bind his father for goods furnished is once shown to exist, the lapse of fifteen months will not overcome the presumption of the continuance of that authority, so as to discharge the father from liability for goods subsequently furnished, it being shown that during all that time the son was absent from the place where the two accounts were contracted.

3. The authority of the son to bind his father by the purchase of goods being established, the declarations of the son respecting the subject matter are also admissible evidence against the father, if made at the time of the purchase and constituting a part of the *res gestæ*.

4. In assumpsit against the defendant for goods furnished to his minor son, the facts being proved from which the law will presume the son's authority to bind his father by such contracts, and no proof

being offered to rebut this presumption, it is not error for the court
to charge the jury that if they believe the evidence they must find
for the plaintiff.

ERROR to the Circuit Court of Tallapoosa.   Tried before the
Hon. Robert Dougherty.

SEABORN WILLIAMS, for plaintiff in error.

CLOPTON & LIGON, contra.

COLEMAN, J.—We think the court properly admitted the
declarations of Peter McKenzie, made at the time of his purchas-
ing the articles, in the year 1846.   The bill of exceptions dis-
closes that in the year 1844, Peter McKenzie, a youth, the son of
said John McKenzie, was at school at Tuskegee, fourteen miles
distant from his father's residence, and that during that year he
purchased goods from the plaintiff, which by his direction were
charged on account to his father, who, about January, 1845,
paid the account without expressing any disapprobation, or giv-
ing any notice not to credit any further; that the son was absent
from Tuskegee during the year 1845, and on his return and
residence there in 1846, he contracted the account sued for, all
the items of which were proved as set forth; that in 1844, the
son was seventeen or eighteen years old, and his father a wealthy
planter.

In Bryan v. Jackson, 4 Conn. 288, the defendant's minor son
had taken up goods of the plaintiff, which the defendant paid for,
without objection, or giving notice not to trust his son any fur-
ther; and the son afterwards took up other goods of a similar
nature.   It was held, that the payment so made by the defend-
ant was equivalent to a recognition of his son's authority, and
rendered the defendant liable for the goods, although he had (but
without the plaintiff's knowledge,) given positive orders to his
son to contract no more debts, and had placed him under the
care of a friend, with instructions to furnish him with every
thing necessary and suitable for him.   It has been settled that
a single payment, without disapprobation, for what a servant
bought upon a credit, is equivalent to a direction to trust him in
future.—2 Greenl. Ev., § 65; Story on Ag., § 56; 1 Bl. Com.
420.   And where a personal relation or state of things is once

McKenzie v. Stevens.

established by proof, the law presumes that the relation or state of things continues to exist as before, till the contrary is shown. 1 Greenl. Ev., § 41. It is insisted in this case, that the lapse of time, the intervention of about fifteen months between the dates of contracting the two accounts, overcomes the presumption of the continuance of the agency of the son. This circumstance is sufficiently explained, we think, by the fact of the son's absence from Tuskegee during the fifteen months, and when he again applied to the plaintiff for goods, under circumstances similar to those under which he contracted the first account, the continuance of his authority might be presumed. The agency of the son to bind his father in the purchase of goods being thus established, it is clear that his declaration respecting the subject matter will also bind him, if made at the same time and constituting part of the *res gestæ.*—1 Greenl., § 113.

No testimony having been introduced by the defendant, the court charged the jury that if they believed all the evidence, they must find the amount of the entire account for the plaintiff.

A father is not bound by the contract of the son, even for articles suitable and necessary, unless an actual authority be proven, or the circumstances be sufficient to imply one. But here it is contended that the proof fully justified the legal presumption of the existence of such authority, and that the court in the charge only declared what that presumption was. On the contrary, it is insisted that the question whether the son was authorized to bind the father, in the contracting the account sued on, is a question of fact exclusively for the jury, and that in the charge given, the court invaded the province of the jury. The question is, undoubtedly, a mixed question of law and fact, where, the facts being ascertained, the court will direct the jury as to the legal inference they would be bound to make. The facts were proven to the jury, from which, according to the authorities above cited, the law presumed an authority from the father to the son to buy the goods, and there was no proof to rebut the presumption. This, we think, authorized the court to charge the jury, that if they believed the facts, they were bound to infer the authority; in other words, they were bound to find for the plaintiff, &c.

Let the judgment be affirmed.