BRENNAN'S ADM'R vs. HARRIS ET AL.

1. It is the duty of the Court of Probate to commit an estate to administration,
   on the application of a creditor, or other person interested in it.
2. But the refusal of the court to grant letters of administration to the sheriff, on
   the application of a party representing himself to be a creditor, is not an inter-
   locutory or final order, within the meaning of the act of 1850, (Pamphlet Acts,
   33, § 29,) from which an appeal lies.
3. The party's remedy is by *mandamus*.

APPEAL from the Court of Probate of Autauga.

This was an application to the Court of Probate to grant
letters of administration *de bonis non,* on the estate of John
M. Creyon, deceased, to the sheriff of the county.   The appli-
cant alleged that said Creyon in his lifetime was indebted to
said Margaret Brennan, and that the administrator had died
without closing the administration.   The court, upon hearing
12

the evidence, refused to grant the letters of administration, and dismissed the application. An appeal was taken to this court, and a motion is now made to dismiss the appeal.

N. HARRIS, for the motion.

WILLIAMS & COCKE, *contra*.

GOLDTHWAITE, J.—Under the statute, (Clay's Digest, 220, § 1,) the right to letters of administration, in case of intestacy, belongs first to the widow, or next of kin, of the intestate, or some of them; and in case of their refusal, to a creditor. And by the act of 1821, (Clay's Digest, 222, § 10,) authority is given to the judge having jurisdiction, to grant letters of administration to the sheriff or coroner of the county, when no one has been admitted or qualified within three months after the death of the deceased, or when the administration has become vacant by reason of death, resignation, or removal. Under the influence of these statutes, we think there can be no doubt that the Court of Probate having jurisdiction is bound to commit the estate to administration, on the application of any one having an interest therein. A creditor having an interest in the estate, has a legal right to demand that it should be administered; and it is the duty of the Judge of Probate, on his application, to proceed to act in the premises.

But the mere refusal to act in such a case is not final, and cannot legally prejudice any future application. It is neither an interlocutory nor a final judgment, from which, under the act of 1850, (Pamphlet Acts, 33, § 29,) an appeal lies. The remedy is by *mandamus*, Ex Parte Jones, 1 Ala. 15.

The appeal must be dismissed.