## HOLLINGSWORTH vs. MARTIN, use &c.

1. When the entire evidence consists of the testimony of one witness, a charge that, if the jury believed the evidence, plaintiff could not recover, is equivalent to a demurrer to the evidence, and raises the same question.
2. A promise to pay the debt or demand of a third person, unless reduced to writing and upon a legal consideration, is void under the statute of frauds.
3. Where a receipt bears date five days anterior to a note, and is for a different amount, the court cannot, in the absence of proof explaining the incongruities, infer that they were given for the same debt.
4. In charging the jury, it is the duty of the court to confine itself to the testimony; the judge ought not to assume that any fact is proved, unless there is some testimony tending to prove it, and then it should be stated hypothetically.

Error to the Circuit Court of Benton.

Tried before the Hon. Thomas A. Walker.

Assumpsit by William B. Martin, for the use of John N. Young, against Stephen P. Hollingsworth. The cause of action endorsed on the writ is said to be the following instrument in writing :

"Received, Tuskaloosa, Februrary 11, 1836, of H. L. Martin, on account of William B. Martin, one hundred dollars.

(Signed) S. P. Hollingsworth."

The common counts for money had and received, and paid, laid out and expended, were added in the declaration.

It was agreed between the attorneys for the parties respectively that every thing might be given in evidence, and considered as pleaded, which could be pleaded in bar; that every thing might be given in evidence and considered as replied, which could be replied, and that appropriate issues should be regarded as made up.

A bill of exceptions was allowed on the trial, from which it

appears that only one witness was examined, and his testimony was all the proof in the cause, except the receipt above described and a certain note, which formed a part of the statement made by the witness.

His testimony was as follows, to-wit: " Some time in 1846 or 1847 Stephen P. Hollingsworth and Wm. B. Martin came to my office on the eve of Hollingsworth's leaving for Texas. Col. Martin, the plaintiff, claimed of Hollingsworth a certain amount, for professional services in settling up the estate of W. B. Hollingsworth or Benj. Hollingsworth, or both, not now distinctly recollected. S. P. Hollingsworth held a note on W. B. Martin, payable to Hollingsworth & Sons, for about $96, and refused to settle for professional services as he held the note of Martin; the amount of Martin's charge for services not recollected, but believe it was about the amount of the note. Martin stated, he had paid the note off through Henry L. Martin at Tuskaloosa, to S. P. Hollingsworth, for which he had a receipt, but could not get at it at that time. Hollingsworth deposited Martin's note with me, and stated, if Martin produced his receipt as above specified, he would be indebted to Martin the amount of the receipt. Stephen P. Hollingsworth was one of the firm of Hollingsworth & Sons, engaged in the mercantile business in Jacksonville. Stephen P. Hollingsworth acted as agent for his mother, who was the administratrix of the estate of Benj. Hollingsworth, deceased, in winding up said estate. S. P. Hollingsworth removed to Texas in 1836, and has not since resided in Alabama."

" The said witness also proved the note mentioned above by him, in the words and figures following, to-wit:

" $96 59. One day after date I promise to pay Hollingsworth & Sons or bearer $96 59, value received. Witness my hand and seal, this 16th day of February, 1836.

(Signed) W. B. MARTIN, [SEAL.] "

This note was read in evidence. The witness also proved that the plaintiff, after the above stated conversation, and before the commencement of this suit, produced to him a receipt in the words and figures following, to-wit:

" Rec'd, Tuskaloosa, February 11th, 1836, of H. L. Martin on account of W. B. Martin one hundred dollars.

(Signed) S. P. HOLLINGSWORTH."

Hollingsworth v. Martin, use &c.

The witness proved the execution of said receipt, and the same was read in evidence to the jury.

The above was all the evidence in the case.

The defendant asked the court to charge the jury, that, if they believed the evidence in this case, they must find for the defendant ; which charge the court refused to give, and defendant excepted.

The defendant then asked the court to charge the jury, that, if they believed from the evidence that, at the time of the conversation herein above set out, the only indebtedness to plaintiff was for professional services rendered for the administrator of the estate of Benj. Hollingsworth or W. B. Hollingsworth, and that the promise of defendant was to pay the debt for the professional services above named, then that promise would be within the statute of frauds and void, unless in writing ; which charge the court gave, but then went on to charge the jury, that, if the promise was to pay the amount of the receipt on the note given in evidence, upon its production, and if such a receipt had been produced, and if defendant had received satisfaction of the note in plaintiff's claim a second time, then the promise would not be within the statute of frauds, and plaintiff might recover; to which charge defendant excepted.

The defendant then asked the court to charge the jury, that a promise of S. P. Hollingsworth, the defendant, to pay the amount of a receipt for a payment made by plaintiff on the note in evidence held by him on plaintiff would be without consideration, if the only consideration for it was the indebtedness of the administrator of W. B. Hollingsworth or Benj. Hollingsworth's estate to plaintiff; which charge the court gave, but then charged the jury, that, if S. P. Hollingsworth was the agent of the administrator indebted to plaintiff, and if defendant was a member of the firm of Hollingsworth & Sons, and if defendant had received satisfaction of the note in plaintiff's claim a second time, then the consideration would be sufficient ; to which charge defendant excepted, both because there was no proof of the agency, and because there was no proof that defendant had received satisfaction of the note in plaintiff's claim a second time, and because the charge was not the law.

The defendant asked the court to charge the jury, that the receipt given in evidence could not be deemed by them as being

72

for a payment on the note herein set out, unless there was proof extrinsic of the receipt connecting it with the note. The court gave the charge asked, and then charged the jury, that, if the receipt was in payment of the consideration for which the note was given, it would be sufficiently connected with the note, and would be such a compliance with the condition of the defendant's agreement as to authorize a suit by plaintiff against defendant; to which charge defendant excepted.

The defendant then asked the court to charge the jury, that the note was not evidence of any indebtedness previous to its date. The court gave this charge, but then went on and told the jury, that they might look to the facts that Hollingsworth & Sons were doing business in the town of Jacksonville in 1836, and that S. P. Hollingsworth was a member of the firm, and that plaintiff's brother, Henry L. Martin, was at that time living in Tuskaloosa, and that defendant passed through Tuskaloosa on his way to Texas, in determining whether the receipt was not in payment of the consideration on which the note was based, and whether one of the partners at Jacksonville had not taken the note from W. B. Martin at Jacksonville a few days after the receipt was given at Tuskaloosa by S. P. Hollingsworth; to which charge the defendant excepted.

The only error assigned is, " the matters appearing in the bill of exceptions."

A. J. Walker, for plaintiff in error:

1. There was but one witness examined. His entire testimony is set out in the bill of exceptions. There was no conflict of proof. Therefore it was proper for the court to charge the jury upon the effect of the entire evidence.

2. Upon the evidence given in, the plaintiff had no right to a verdict, and the court should have so charged the jury. The action was brought on a promise to pay an account of plaintiff for professional services rendered to the administrator of the estate of Benjamin Hollingsworth, or of the estate of Wylie B. Hollingsworth. It was not shown that the defendant was the administrator of either of those estates, nor was it shown that Martin's services were rendered at the request of defendant. Therefore Hollingsworth was not responsible for the account of Martin, unless his promise proved by Crow rendered him so.

3. The promise of Hollingsworth was upon the express condition that Martin should produce a receipt for the payment of the note. With this condition Martin had not complied. The receipt which he produced was not for a payment on the note. The receipt was for a larger amount than the note, and was of anterior date to the note. The receipt is by S. P. Hollingsworth. The note was payable to Hollingsworth & Sons. The production certainly did not *prima facie* show a payment on the note. There was no proof whatever connecting the receipt with the note. In the entire absence of proof connecting the receipt with the note, the court was bound to say that the plaintiff had failed to prove either a literal or substantial compliance with the condition upon which the promise was made.

4. The promise of Hollingsworth was without consideration. Conceding that it was proved that Martin had paid to Hollingsworth a debt due Hollingsworth & Sons, that was no reason why Hollingsworth should pay a debt due Martin by third persons. It was a mere voluntary assumption of another's debt.—Kirksey v. Kirksey, 8 Ala. 131; Hester v. Wesson, 6 *ib.* 415.

5. It is incontrovertibly established as law by the decisions, that the only consideration which will render a promise to pay the debt of another a new debt, is one which is beneficial to the promisor.—Martin v. Black's Ex'rs, 21 Ala. 730 ; Brown v. Barnes, 6 Ala. 694. There was certainly no consideration beneficial to Hollingsworth for the promise made by him.

6. The court not only predicates its charge upon a state of facts not in proof, but assumed the province of testifying to the jury through the medium of a charge. The court tells the jury "they might look to the facts that Hollingsworth & Sons were doing business in Jacksonville in 1836, that defendant passed through Tuskaloosa on his way to Texas, that different members of the firm received the money at Tuskaloosa and took the note in the record, and that the note was given at Jacksonville," when there was no evidence whatever, that Hollingsworth passed through Tuskaloosa on his way to Texas, or that the money was paid to him when on his way to Texas, or that the note was given in Jacksonville.

BELSER & RICE, *contra:*

The agreement of the parties was, to consider a proper declar-

ation and proper pleadings as filed, and to try on the merits. The evidence shows a clear right of recovery on the part of defendant in error, and this court will not reverse, because, even if there was error, there was no injury. The evidence is not conflicting, but the uncontroverted admission and declarations of plaintiff in error show that he is liable. He admitted if Martin produced his receipt, he was "indebted to Martin to the amount of such receipt." This makes him liable, as Martin did produce his receipt.—Brooks v. Ball, 18 Johns. Rep. 337 ; McKeen v. Harwood, 15 Ala. Rep. 797.

The language employed in the last sentence of Brooks v. Ball, *supra*, applies with decisive force to this case, *mutatis mutandis*, to-wit : "He voluntarily waives all other proof" (except the production of the receipt ;) and to allow him to make any other question afterwards, "would be allowing him to alter the conditions of his engagement and virtually to rescind his promise." He had collected the money once from the brother of the defendant in error, and he ought to be held to what he said.

GIBBONS, J.—The defence attempted to be interposed to the liability sought to be enforced against the plaintiff in error, is two-fold : 1st, the statute of frauds ; and 2d, that the condition attached to the promise, as shown by the evidence, has not been complied with.

The defendant below, after the testimony was all in, and consisting as it did of the evidence of one witness alone, requested the court to charge the jury, that, if they believed the evidence, the plaintiff could not recover. This charge the court refused, and the defendant excepted. The refusal to give this charge, in our opinion, raises the same question as if the defendant below had demurred to the evidence, and called upon the court to declare the law thereon. The question thus presented involves the two-fold aspect of the defence above mentioned.

The plaintiff's right to recover under the proof must rest either upon the fact that he had performed services for one of the Hollingsworths' estate, or upon the promise that if Martin would produce the receipt of which he had spoken he would be indebted to him in that amount. The testimony is, that the plaintiff and defendant came into the office of witness together,

and then plaintiff claimed of defendant a certain amount of money for services rendered one of the Hollingsworths' estate. The defendant refused to pay the demand, because he held the note of the plaintiff for about the same amount. The plaintiff then said, he had paid the note, through Henry L. Martin of Tuskaloosa, to the defendant. The defendant left the note with witness, and stated that, if the plaintiff produced the receipt, he would be indebted to the plaintiff the amount thereof. The plaintiff afterwards did produce the receipt offered in evidence.

The evidence does not disclose who held the note at the time of trial; whether it was then in the possession of the plaintiff, or whether it was produced by the witness, it being still in his possession since it was left there by the defendant, does not appear. We think the legal presumption is, that the note yet remains in the hands of the witness, until the contrary is shown. Assume this to be the fact for the present, and assume further that the plaintiff based his right to recover on the fact that he had rendered services to the estate of one or both of the Hollingsworths. It is shown that the defendant was the agent of the administratrix of one of those estates, but we do not see how this changes the legal aspect of the case. It would seem clearly, on this hypothesis, to be a demand of the defendant that he should pay the debt or demand of a third person, and any parol promise which he may have made in reference to that demand would not be binding upon the defendant, unless the same was in writing, and upon a legal consideration. Our conclusion, therefore, is, that if the plaintiff had declared for those services against the defendant, the claim would have fallen within the statute of frauds.

But suppose the plaintiff does not rest his right to recover against the defendant upon the fact that he rendered the above mentioned services for one or both of the estates above mentioned, but relies upon the admission of the defendant, that, if the plaintiff produced the receipt spoken of by the witness, "he would be indebted to him" in the amount thereof. When the note and receipt are brought together they do not at all correspond; although we are bound, in the view of the case which we are now taking, to give the plaintiff the benefit of every conclusion which the evidence fairly tends to prove, still we do not see how we can legitimately refer the receipt to the note, or in any way

connect them together, as upon their face they are entirely inco-
herent.   We are left solely to the conclusions which the law
draws on the face of these two papers, as there is no testimony
explaining the apparent incongruities, or in any manner connec-
ting them, except the conversation detailed by the witness be-
tween the plaintiff and the defendant. ` On the face of the pa-
pers alone, we think the court was bound to say that they were
wholly and entirely disconnected, as the receipt is anterior to
the note by some five days in its date and for a different amount.
It is true we may imply that the note and receipt were given
for the same debt, but we cannot do so fairly from the evidence,
because the law from the face of the papers draws a different
conclusion.   Besides, if we attempt to arrive at conclusions by
implications, we may as well imply that Martin owed two debts,
and that the papers above mentioned referred to those distinct
debts, as that they referred to one and the same debt.   We
must confine our conclusions to those that the law draws from
the papers themselves, until the apparent incoherence is explain-
ed by proof.   This proof the record does not supply, and our
conclusion is, that the charge asked should have been given to
the jury as asked.   This is decisive of the case so far as re-
spects the reversal.

Several other errors are insisted upon in argument, but we do
not deem it important to consider them in detail.   We simply
remark, that, in charging the jury, it is the duty of the court to
confine itself to the testimony before it.   The judge ought not
to assume that any fact is proved, unless there is some testimo-
ny tending to prove it, and then it should be left hypothetically
to the jury, leaving it for them to say whether such fact is
proved or not, or whether or not they believe the evidence.   As
the same things will not probably arise on another trial, we for·
bear remarking further upon the other portions of the bill of
exceptions.

Let the judgment of the court below be reversed, and the
cause remanded.