## PHILLIPS *vs.* PETEET.

[APPLICATION FOR GRANT OF LETTERS OF ADMINISTRATION.]

1. *Presumption in favor of judgment.*—In a contest respecting the right of administration on the estate of an intestate, who is shown to have died in another State, leaving assets here, the appellate court will presume, in favor of the ruling of the probate court, (the contrary not appearing from the record,) that the domicile of the intestate was in this State.
2. *Who is next of kin.*—Under the statutes of this State, (Code, §§ 1572, 1575, 1581,) the grand-father of an intestate is "next of kin entitled to share in the distribution of the estate," to the exclusion of an uncle.
3. *When appeal lies.*—An appeal does not lie from the refusal of the probate court to grant letters of administration.

APPEAL from the Probate Court of Macon.

IN the matter of the estate of Nancy Phillips, deceased, on the application of Thomas H. Phillips for the grant of letters of administration to himself. The petition was filed on the 11th April, 1859, and alleged, that the said Nancy Phillips died, intestate, in February, 1859, in the State of Texas, leaving a considerable personal estate in said county of Macon; that said intestate was about twelve years of age at the time of her death, and died without children, brothers or sisters, father or mother; and that the petitioner, who was her paternal uncle, was "next of kin entitled to share in the distribution of her estate," and consequently, was entitled to administer on her estate. The application was resisted by Simeon Peteet, the maternal grand-father of the intestate. On the facts proved at the hearing, all of which are set out in the bill of exceptions, but which require no further notice, the court dismissed the petition, and refused to grant letters of administration to the petitioner; to which the petitioner excepted, and which he now assigns as error.

WATTS, JUDGE & JACKSON, CLOPTON & LIGON, and GEO. W. GUNN, for the appellant.

WM. P. & THOS. G. CHILTON, *contra.*

STONE, J.—The record in this case informs us, that Nancy Phillips died intestate, leaving assets in the county of Macon. It does not inform us, that she was an inhabitant of another State. Indulging, as it is our duty to do, all reasonable intendments in favor of the correct ruling of the probate court, it is, at least, proper that we should presume she had her residence where her property was, if, by that presumption, the judgment of that court will be vindicated.—Shep. Digest, 437, §§ 29, 30, 31.

[2.] According to the rule above declared, it is manifest that Mr. Peteet stands to Miss Phillips, his intestate granddaughter, in the relation of "next of kin entitled to share in the distribution of her estate;" while Mr. Phillips, the petitioner, occupies no such relation.—Code, §§ 1572, 1581, 1575; 2 Kent's Com., marg. p. 422–3.

The Code expresses certain legal priorities in the claim of administration : 1st, the husband, or widow ; 2d, the next of kin, entitled to share in the distribution of the estate ; 3d, the largest creditor of the intestate, residing within the State.—Code, § 1668, subd. 1, 2, 3. We have shown above that Mr. Phillips does not come within the second of these subdivisions. It requires no argument to prove that he has not shown himself to be within the 1st or 3d.

[3.] The remaining rule, for the appointment of administrators, clothes the judge of probate with large discretionary powers. Its language is, "such other person as the judge of probate may appoint."—Subd. 4. Under this clause, while we concede that the probate court might commit a reversible error in the appointment of an administrator, (see section 1658; Williams v. McConico, 27 Ala. 572; Dunham v. Roberts, ib. 701;) yet, for failing to appoint some *other* suitable person, no appeal can be prosecuted.—Brennan v. Harris, 20 Ala. 185. That court must be left free and untrammeled in the selection of the person to fill the trust, unless the person appointed do not possess the requisite qualifications.—See Curtis v. Williams, 33 Ala. 570.

Had Mr. Phillips been appointed administrator of the estate of his niece, we are not prepared to say there is

45

anything in this record, which would require us to reverse that order. He was not so appointed, and he has failed to prove that he had a legal priority in the matter of the appointment.

The judgment of the probate court is affirmed.