### STEWART *vs.* RUSSELL.

[ACTION ON BILL OF EXCHANGE, BY ENDORSEE AGAINST ENDORSER.]

1. *Proof of protest; charge invading province of jury.*—In an action on a foreign bill of exchange, by an endorsee against his endorser, the only evidence of protest being the deposition of the notary, and a copy of the protest; which copy, though appended to his deposition as an exhibit, does not appear to have been certified or authenticated otherwise than by the deposition,—the court is not authorized to instruct the jury, that the deposition and exhibit " are, of themselves, sufficient evidence of the protest of the bill.".

APPEAL from the Circuit Court of Madison.
Tried before the Hon. W. M. BROOKS.

THIS action was brought by Robert F. Russell, against William Stewart; was commenced on the 18th July, 1855; and was founded on a bill of exchange for $2,554 17, which was drawn by Robert Freeman, at Huntsville, Alabama, on the 6th February, 1854, on Bradley, Wilson & Co., at New Orleans, payable to John W. Weaver, by whom it was endorsed to the defendant, who endorsed it to the plaintiff.   On the trial, as the bill of exceptions states, "for the purpose of showing that the plaintiff had discharged him from liability on his endorsement, the defendant proposed to read in evidence the proceedings had in an attachment suit, instituted by the plaintiff against Robert Free-

man, the drawer of the bill here sued on ; to which the plaintiff objecting, the same was excluded by the court ; to which ruling the defendant excepted." The attachment against Freeman was sued out on the 6th November, 1854, and was levied on several mules, oxen, hogs, various farming utensils, &c. ; and the suit was regularly prosecuted to judgment on the 30th August, 1855.

"The defendant also excepted to the charge of the court, that the exhibit, together with the depositions accompanying the same, viz.," (setting them out,) "were sufficient evidence, of themselves, of the protest of the bill here sued on ; there being no other evidence of said protest." The depositions referred to are those of H. B. Cenas, the notary by whom the bill was protested, and A. Commanduer and C. F. Barry, the witnesses who attested the protest. Cenas testified, that he was a notary-public at New Orleans, duly commissioned and qualified ; "that, as such notary, he did, on the 6th March, 1855, duly and legally protest a certain draft," &c., describing the bill ; "that presentation for payment of said draft was made by him on the drawees, through their Mr. Wilson, at their counting-house in said city of New Orleans, on the day of said protest, and payment was refused ;" "that the annexed exhibit, marked 'A', is a true and correct copy of the original protest on file and of record in his office, and is made a part of his deposition ;" also, that he sent notices of protest, &c. Commandeur and Barry testified, "that they were witnesses to the protest referred to in the foregoing deposition of H. B. Cenas, and know that the facts therein stated by him are true and correct ; having carefully read said deposition, and examined the original protest, the annexed exhibit, marked 'A', and the draft thereto attached." "Exhibit A", referred to in the depositions, is a copy of the protest, in the usual form, and of the notary's certificate in reference to the notices sent by him ; and the following certificate is appended to it : "I certify the foregoing to be a true copy of the original protest, draft, and certificate of the manner in which the notices were served, on file and of record in

my office. In faith whereof, I grant these presents, under my signature and seal of office, on this 16th day of February, A. D. 1857." (Signed "H. B. Cenas, notary-public," and official seal attached.)

The rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

S. D. J. Moore, for appellant.
Walker & Brickell, *contra*.

STONE, J.—The testimony which tended to prove protest of the bill of exchange, which was the foundation of the present suit, was that of three witnesses, who produced what they testified was a copy of the protest. We are not informed that there was any conflict of the evidence on this point. The court charged the jury that "the exhibit, (copy of the protest attached to the depositions,) "together with the depositions accompanying the same, was sufficient evidence, of themselves, of the protest of the bill here sued on." The exhibit does not appear to have been a certified copy, nor to have been authenticated, otherwise than by said depositions. The objection urged to this charge is, that it invaded the province of the jury, by assuming the credibility of the testimony, without referring that question to the jury.

There is, at least, an apparent conflict in the decisions of this court on the question we are considering. *Williams v. Shackelford*, (16 Ala. 318,) and *Nelms v. Williams*, (18 Ala. 653,) give countenance to the idea, that when there is no conflict in the evidence, the court may charge positively, without hypothesis. These two cases, it will be seen, are rested on the authority of *Henderson v. Marberry*, 13 Ala. 713. In the case last cited, the charge expressly referred to the jury the question of the credibility of the testimony; and, hence, did not sustain the latter cases of *Williams v. Shackelford*, and *Nelms v. Williams*. There were also, in the cases last cited, some peculiarities of circumstances.

In our later decisions, we have not followed the lead of

the two cases from 16th and 18th Alabama Reports, but have held, that on questions of fact, dependent on oral testimony, if there be any evidence before the jury bearing on the point, the decision is for the jury, and can not be pronounced by the court.—See *Hollingsworth v. Martin,* 23 Ala. 598; *McKenzie v. Stevens,* 19 Ala. 691; *Hopkins v. Scott,* 20 Ala. 185; *Stokes v. Jones,* 21 Ala. 736; *Abney v. Pickett, ib.* 741; *Thompson v. State,* 30 Ala. 28; *Hughes v. State, ib.* 45; *McDougald v. Rutherford, ib.* 253; *Carter v. State,* 23 Ala. 430; *Rigby v. Norwood,* 34 Ala. 132; Shep. Digest, 459–60, §§ 13, 14, 24, 25, 30, 32, 36.

In the present case, the court assumed as a fact that which it was the province of the jury to find ; and, however conclusive the testimony may be supposed to have been, still we think it much safer not to open the door to so dangerous an innovation.

We deem it unnecessary to inquire whether there is any thing in the objection, that the evidence offered of protest is secondary—a mere copy—without accounting for the absence of the original. If the original be contained in an office book, or *quasi* record, that fact can be shown on another trial.

In the other rulings of the court we find no error ; but, for the error in the charge above pointed out, the judgment of the circuit court is reversed, and the cause remanded.