## HALL'S HEIRS *vs.* HALL.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Probate of will; jurisdiction of probate court over.*—Courts of probate, in this State, have original, general, and unlimited jurisdiction of the probate of wills.

2. *Same; nature of proceeding.*—A proceeding for the probate of a will, is in the nature of a proceeding *in rem*, and is conclusive on all persons ; and it can not be collaterally impeached, for any irregularity that may have intervened after the jurisdiction of the court attached.

3. *Same; notice to widow and next of kin.*—The failure to give the widow and next of kin the notice required by the statute, (Rev. Code, § 1951,) is a mere irregularity, which can only be taken advantage of in a direct proceeding to set aside the probate.

4. *Endorsement of certificate of probate.*—Every will, properly admitted to probate, must have endorsed on it the certificate required by the statute (Revised Code, §§ 1947-8) ; but it is not necessary that a transcript, properly certified, should show that such endorsement was made on the original will.

5. *Pending action by personal representative of testator, against person in possession of devised lands, no defense to action by devisee.*—In an action by a devisee, or his heirs-at-law, to recover devised lands, a subsequent action, brought by the personal representative of the testator, against the defendant, is not good matter for a plea *puis darein continuance ;* and on a trial under the general issue, proof of the pendency of such action, and that there are outstanding debts of the testator unpaid, is irrelevant.

6. *Title to devised lands.*—On the death of a testator, the title to lands devised by him vests at once in the devisee ; and he is entitled to the immediate possession thereof, and to hold the same until, when necessary, they are subjected by the personal representative to the payment of debts.

7. *Sale of decedent's lands; sufficiency of petition, and validity of order for.* A petition, filed by an executor, asking an order to sell his testator's lands, stating only that "he believes a sale necessary," and that he "wishes to make it under the order of the court," is not sufficient to authorize an order of sale ; an order of sale, founded on such a petition, is a nullity ; and a sale made under such an order confers no title on the purchaser.

8. *General charge on evidence.*—When the evidence is clear, and without conflict, and it is only necessary to draw a legal conclusion from it, the court may instruct the jury, that, if they believe the evidence, they must find for the party whose case is thus clearly made out.

APPEAL from the Circuit Court of Bullock. Tried before Hon. J. McCALEB WILEY.

THIS action was brought by Nathan A. Lewis and Mrs. M. R. Webster, against Matthew Hall, to recover a certain house and lot, known as the "drug-store," situated in the town of Midway in said county; and was commenced in September, 1867. The plaintiffs claimed as the heirs-at-law (being the brother and sister) of Mrs. Mariana E. Hall, deceased, who was the wife of James M. Hall, deceased, in his life-time, and to whom said house and lot were devised by his will; while the defendant, who was the executor of said James M. Hall's will, had sold the property under an order of the probate court, and derived title under a deed from the purchaser at that sale to him.

At the fall term, 1868, the defendant filed a plea *puis darein continuance*, " in short by consent," which averred, "that since the commencement of this suit, and since the last continuance thereof, one J. W. L. Daniel, in his capacity as administrator *de bonis non*, with the will annexed, of James M. Hall, deceased, duly appointed, qualified, and acting as such administrator, commenced his suit of ejectment against this defendant, in said circuit court, for the recovery of the said lands sued for in this action; that said Daniel was duly appointed, qualified, and is still acting as said administrator *de bonis non*, with the will annexed, of said James M. Hall; that said estate is still unsettled, and under his administration in the probate court of Barbour county, which had jurisdiction thereof; and that there are outstanding demands against said estate, which have come to the notice of said administrator *de bonis non*, and have been duly presented to him; and that said lands sued for were the property of said James M. Hall at the time of his death." The court struck this plea from the files, on motion of the plaintiffs; to which action of the court an exception was reserved by the defendant. Issue was then joined on the plea of not guilty, and a trial was had on that issue.

" On the trial," as the bill of exceptions states, "the

plaintiffs proved, that Mariana E. Hall was the widow of James M. Hall, deceased, who died in June, 1862, while an inhabitant of Barbour county, Alabama; that said Mariana died in Georgia in 1863, leaving no children surviving her, and that said plaintiffs were her brother and sister. They then offered in evidence a transcript from the records of the probate court of Barbour county," which was duly certified by the judge of said court to contain " a correct transcript of the will of James M. Hall, deceased, and the proceedings to probate said will." " The defendants objected to the reading in evidence of such portions of said transcript as purport to set forth a copy of the last will and testament of said James M. Hall, (the same being offered to show title to the lot in controversy in the plaintiffs, and they not proposing to offer any other evidence to prove the last will and testament of said Hall, or that the same was ever admitted to probate,) on the following grounds : 1st, because no notice of the application to probate said last will and testament was ever given to the heirs-at-law or next of kin of said Hall; and, 2d, because there was no endorsement, or certificate, signed by the probate judge, as required by section 1628 of the Code of 1853, (Revised Code, § 1947). In support of the first objection it was proved, that said James M. Hall left no children, or lineal descendants, surviving him, but did leave brothers and sisters, some of whom were adults, and some minors, all of whom were residing in said county of Barbour, at the time of his death, and at the time of the application to probate said will, and at the time said will purported to have been admitted to probate. The court overruled the objections, and admitted the transcript in evidence ; to which ruling the defendant excepted. The plaintiffs then proved, that letters testamentary on the estate of said James M. Hall were issued by the probate court of Barbour county, on the 10th day of July, 1862, to said defendant; that he resigned said executorship, made final settlement, and was discharged on the 11th day of July, 1864. They also proved the value of the rent of the premises, and rested their case."

The transcript offered and read in evidence by the plaintiffs contained, in addition to the proceedings had on the application for the probate of the will, a petition by the said executor (the defendant in this action) for the sale of the premises here in controversy, and an order of sale granted by the probate court, founded on that petition; but the transcript nowhere shows the time when the petition was filed, nor the date of the order of sale. The petition was in the following words : " Your petitioner, Matthew Hall, executor of James M. Hall, deceased, respectfully shows unto your honor, that he believes it necessary to sell a house and lot in the town of Midway in said county, known as the drug-store lot occupied by the said James M. Hall in his life-time as an office and drug-store. He wishes to sell the same under order of this honorable court, and therefore prays an order authorizing the sale of real estate." The order of sale, which is copied in the transcript immediately after the petition, is in these words : " Ordered, that Matthew Hall, executor of James M. Hall, be allowed to sell drug-store in town of Midway belonging to James M. Hall, deceased."

" The defendant then proved, that he sold said drug-store lot, at public auction, in February, 1864, when one E. Y. Van Hoose became the purchaser, at and for the price of five hundred and twenty-five dollars; and also proved the execution of the deed made by him to said Van Hoose, and read the same in evidence." (The deed here set out in the bill of exceptions is dated the 8th day of July, 1864; and recites that the sale was made under an order of the probate court, was duly confirmed by that court, and that the purchase-money had been paid.) " The defendant then read in evidence, after proving its execution, a deed for the said premises, executed by the said Van Hoose and wife to said defendant"; which deed is dated the 24th day of August, 1865, is a simple quit-claim, in form, and recites the payment of a mere nominal consideration. The defendant then offered in evidence the original papers (there being no final record) in the suit brought against him by J. W. L. Daniel, which is referred to in the plea *puis darein contin-*

*uance.* The court excluded this evidence, on the plaintiffs' objection, and the defendant excepted. "The defendant then offered to prove, that there were debts outstanding and unpaid against the estate of said James M. Hall, to the amount of more than two thousand dollars, which were contracted by the said James M. Hall in his life-time, and had been duly presented to his personal representative; and, in connection therewith, he offered to prove that said drug-store lot was the only property belonging to the estate of said James M. Hall, unadministered, and that on his final settlement as executor there was a balance of several hundred dollars found due him, besides said outstanding indebtedness. The plaintiff objected to the admission of the evidence of said outstanding indebtedness, on the ground that the same was irrelevant; which objection the court sustained, and the defendant excepted."

"It was in proof, also, that said E. Y. Van Hoose paid no money to the defendant, for said house and lot, and that the defendant paid him no money on the re-conveyance. But it was in proof, also, that said defendant had made large advances in the payment of debts contracted by said James M. Hall previous to the year 1861; that he accounted for the same on his final settlement, at what said lot was sold for; and that said estate was still found to be indebted to him, in the sum of several hundred dollars, which has never been paid to him. It was admitted by the plaintiffs, that notice had been given to them, before the trial in this case, that said J. W. L. Daniel, as such administrator, claimed and demanded of said defendant the possession of the said house and lot, and the value of the rent thereof, to pay the debts of said estate.

"This was all the evidence in the case; and the court thereupon charged the jury, that the said order of sale was a nullity, and that the deed made by said defendant to Van Hoose, and the deed made by Van Hoose and wife to said defendant, were void, and conveyed no title to the defendant. And the court also charged the jury, at the request in writing of the plaintiffs, that, if they believed the evidence, they must find for the plaintiffs, and that the

plaintiffs were also entitled to recover the value of the rent of said house and lot. The defendant excepted to each of these charges."

All the rulings of the court, to which, as above stated, exceptions are reserved, are now assigned as error.

STONE & CLOPTON, and D. M. SEALS, for appellant.

LEWIS, WOOD, and RICE, contra.

PECK, C. J.—In this State, the probate courts have original, general, and unlimited jurisdiction of the probate of wills, whether of real or personal estate.—Rev. Code, §§ 790, 1939, 1944; *Gray's Admr's v. Cruse*, 36 Ala. 559. When a will is propounded and filed in the proper probate court, the court thereby acquires jurisdiction of the probate of such will. The common-law rule does not prevail here, which makes the validity of wills of real estate cognizable only in the common-law courts, and in the ordinary forms of suits, where the verdict and judgment are conclusive only on parties and privies as in other cases.—2 Gr. Ev. § 672.

A proceeding for the probate of a will is in the nature of a proceeding *in rem*, and, until set aside or reversed, is conclusive on all persons, and can not be collaterally impeached for irregularities which may have intervened in the proceedings after the jurisdiction of the court attached. *Deslonde & James v. Darrington*, 29 Ala. 92. Section 1951 of the Revised Code provides, that whenever application is made to prove a will in this State, at least ten days' notice must be given to the widow and next of kin, or to either of them, residing and being within the State, before such application is heard. If a will is proved, without notice to a party who is entitled to notice, the failure to give such notice is a mere irregularity; and the remedy for such party is to move the probate court to set aside the probate, or to procure himself to be made a party to the proceedings, by petition in said court, and then sue out an appeal.—*Roy v. Segrist*, 19 Ala. 810; *Stapleton v. Stapleton*, 21 Ala. 587; *Watson v. May*, 8 Ala. 177; 29 Ala. 92. Or he may contest its validity in chancery, under section 1972 of the Revised Code, within five years after the pro

bate thereof. We decide, therefore, that the probate of a will in the probate court of the proper county is not void, although notice to the widow or next of kin, or to both, be not given. The first objection to the probate of the will, as set out in the transcript, was, therefore, properly over-ruled.

The second objection to said transcript was not well taken. When the original will itself is offered as evidence, to make it admissible, it must have on it the certificate required by section 1947 of the Revised Code. But the latter part of section 1948 makes the record of such will, and the proof, or a transcript thereof, properly certified by the judge of probate, evidence to the same extent as if the original will was produced, and the same proof made.

Before proceeding to the examination of the questions arising on objections made and sustained to the evidence offered by the defendant, we will dispose of the exception taken to the ruling of the court in striking from the files the defendant's plea, filed at the fall term, 1868, in the nature of. a plea *puis darein continuance*. The substance of that plea is, that after the commencement of this suit, and after the last continuance thereof, one J. W. L. Daniel, the administrator with the will annexed of said James M. Hall, deceased, had commenced an action of ejectment against said defendant for the recovery of the house and lot sued for in this case; that there were outstanding demands against said estate, which had come to the notice of said administrator, and had been duly presented to him; and that said house and lot were the property of said James M. Hall at the time of his death. This plea was manifestly bad. It did not state that said suit was pending when it was filed; and if it had contained that statement, it did not follow that the suit would ever be tried, or, if tried, that the plaintiff therein would recover. It did not aver, nor did the facts stated, if true, show that the title of the said administrator was superior to the title of the plaintiffs in this suit. It did not, in fact, show that he had any title at all. On the contrary, the facts stated showed that he had not. It would have been manifestly

unjust, to permit the defendant to retain the possession of the premises, defeat the present action on that plea, and then take his chances to defeat a recovery by the said administrator *de bonis non*. Such would have been the effect, if that plea had been sustained. Again: these plaintiffs were neither parties nor privies to that action, and, therefore, were not bound by it; consequently, it could not be pleaded to defeat them in this suit.

On the death of the testator, James M. Hall, the title to said house and lot vested immediately, by virtue of his will, in his widow as devisee; and, on her death, descended to her heirs-at-law. And they are entitled to recover the property, and to retain the possession thereof, until the personal representative of the testator subjects it, if necessary, to the payment of debts, in the way authorized by the statute.—*Chighizola v. LeBaron*, 21 Ala. 406; *Long v. McDougald's Adm'r*, 23 Ala. 43.

The principle settled in *Kennedy v. Holman & Howard*, (19 Ala. 734,) is, we think, an authority against the plea, although the facts of that case and this are, in many respects, unlike. In that case, it was held that a recovery of the premises by a stranger, in an action against the plaintiff, could not be pleaded *puis darein continuance* to defeat his recovery.

For these reasons we hold, that the court below committed no error in striking the plea from the files.

The evidence offered by the defendant under the plea of not guilty, and excluded by the court on the plaintiffs' objection, was irrelevant, and was, therefore, properly rejected. As we have already stated, the action commenced by the administrator *de bonis non*, against the defendant in this case, to recover the said house and lot, was no defense to the plaintiffs' action. The evidence offered in connection with that proceeding, that there were unpaid debts of said testator, James M. Hall, did not change its character as a defense in this case. These plaintiffs were neither parties nor privies to that action, and could not be prejudiced by it in this suit. Whatever the rights of the administrator *de bonis non*, as such, may have been, or may

20

be, to subject said house and lot, as a part of the testator's estate, to the payment of debts, need not now be considered. The defendant could not, and can not, set them up in this action, to protect himself in wrong-doing. If the defendant had title, he should have relied on it; but, if he had no title on his own showing, he should have yielded the possession to the plaintiffs, as the heirs-at-law of the devisee, Mrs. Mariana E. Hall.

It only remains to examine the charges given and refused by the court; and if no error is here found, the judgment below must be affirmed. The first charge given is manifestly right. The order of sale is a mere nullity. The petition of the executor conferred on said probate court no jurisdiction to make said order. It merely states, that "he believes it necessary to sell" the drug-store lot, and that "he wishes to sell it under an order of the court." This is the whole of it. It does not state that the will gave no power to sell, nor that a sale was necessary to pay debts; nor does it state the names of the heirs or devisees. The order itself appears to have been made on the filing of the petition. No day was appointed for a hearing of said application, and no hearing is shown to have been had. The order of sale is in these words: "Ordered that Matthew Hall, executor of James M. Hall, be allowed to sell drug-store in town of Midway." The executor sold said house and lot under this order, and one Van Hoose became the purchaser at the sale, to whom the executor made a deed, and who, shortly afterwards, re-conveyed the property to the defendant. The court charged the jury, that said order of sale, and both of said deeds, were void, and that no title was conveyed to the defendant. We think no time should be wasted to show the correctness of said charge.

The second charge, which was given on the written request of the plaintiffs, instructed the jury, that, if they believed the testimony, they must find for the plaintiffs, and that the plaintiffs were entitled to recover the value of the rent of said drug-store lot. It has been repeatedly held by this court, that when the evidence is clear, and

without conflict, and it is only necessary to draw a legal conclusion from it, the court may, without error, instruct the jury that, if they believe the evidence, they must find for the party whose case is thus clearly made out.—*Abney v. Pickett*, 21 Ala. 739; *Bryan v. Ware*, 20 Ala. 687; *McKenzie v. Stevens*, 19 Ala. 691. There is no conflict in the evidence in this case, and we think it clearly established the plaintiffs' right to a recovery; and if entitled to recover the premises, they were also entitled to recover the value of the rent, as damages for the detention.

From what has been said it follows, that there was no error in refusing the charges asked by the defendant.

Let the judgment be affirmed, at the costs of the appellant.