# Rhodes *v.* Lowry.

## *Trover.*

1. *Agent, declarations of; when admissible against principal.*—Declarations, made at the time of seizing property, by one who claimed to act as agent for another, are competent evidence against such person, when sued for a conversion of the property, if there is evidence tending to establish such agency; and the error in admitting such declarations, before the proper predicate has been laid, is cured by subsequent proof of his agency.

2. *Discretion of court; what within.*—It is within the discretion of the court to permit a witness, after having left the stand, to return and correct her testimony, previously given.

3. *Rulings of primary court; when will not be revised.*—The appellate court will not revise the ruling of the primary court, excluding evidence, when no exception is reserved.

4. *Charge; when erroneous.*—Although oral evidence of a fact tends very

[Rhodes *v.* Lowry.]

clearly to establish it, yet it still remains for the jury to decide whether the testimony proves the fact; and a charge, which, without referring to the jury the credibility of the evidence, instructs them that the fact is proved, is an invasion of their province, and necessarily erroneous.

5. *Trover; when maintainable.*—If the defendant seizes and removes personalty from the premises of the owner, in defiance of her wishes, and in repudiation of her right to it, the owner may maintain trover for a conversion, without demand before suit brought.

APPEAL from Circuit Court of Crenshaw.

Tried before Hon. PHILEMON O. HARPER.

This was an action of trover by the appellee against G. W. Rhodes, for the conversion of about ninety bushels of corn.

On the trial, plaintiff was introduced as a witness, in her own behalf, and testified that the corn alleged to have been converted was hers; that "Moody and Rhodes came to her house and asked her for the corn, and showed her a paper, which, Moody said, was a mortgage made by her and others; that she then denied having made any mortgage to Rhodes; that Moody replied that he had come to take the corn for G. W. Rhodes, and he intended to do so; that Moody, on being refused the key to the house in which the corn was stored, took an axe and mashed down the door, and carried off the corn, saying that he was doing it for George W. Rhodes. Witness further stated that defendant was not present when the corn was taken, and defendant then objected to the declarations of Moody and B. F. Rhodes, but his objection was overruled, and he excepted." Witness having testified as to the time of the conversion, asked, after she had left the stand, leave to correct her testimony in that respect, which the court granted, against the objection of defendant.

One Brooks, a witness for the plaintiff, testified that, being employed by her as an attorney, he called on George W. Rhodes, and inquired of him how he justified the seizure of the corn; to which he replied that he had a mortgage on it, and at the same time notified him of the time and place of selling the corn to satisfy the mortgage.

The defendant then offered a mortgage, purporting to be signed by the plaintiff and others, and as to which the court ruled, among other things, that the mark of Sylvia Lowry was not a signature, and refused to allow the mark to be proved, or the mortgage to be introduced. No exception was reserved to this ruling.

The court, thereupon, charged the jury, that if they believed, from the evidence, that the plaintiff was in possession of the corn at the time of the seizure, that was a sufficient title for her to recover upon, in this form of action, against a mere wrong doer; that if the defendant, by himself or his agents, seized the corn, and carried it away, this

would be a conversion, and no demand and refusal are necessary; that the declarations of Moody are to be disregarded, unless the jury believe that Moody, Kulp and Rhodes were the agents of the defendant, but if they believed that they were his agents, then their declarations were evidence against him; that if the defendant ratified the act of Moody, Kulp and Rhodes, that would make them his agents; that the evidence showed that they were his agents, and he so charged them. Defendant reserved an exception to each of these charges, and here assigns the same as error, together with the refusal to admit the mortgage in evidence, and to give charges the substance of which appears in the opinion.

JOHN GAMBLE, for appellant,

JOHN A. PADGETT, contra.

MANNING, J.—The declarations of Harrison Moody and Benjamin Rhodes, tending to show they were acting for, and claimed the corn in controversy as the property of defendant under a mortgage by plaintiff below and others to him, when they forcibly took it from plaintiff, were admissible or not as evidence against defendant, according as Moody and Rhodes were or were not his agents in that transaction. And, as testimony afterwards given tended to show very clearly that they were so, there was no error in the overruling of the objections to that evidence.

It was within the discretion of the court below to permit the plaintiff to return to the stand as a witness, immediately after she had withdrawn from it, to correct some testimony she had previously given.

No exception was taken, according to the bill of exceptions, to the action of the court in excluding the mortgage, or writing purporting to be such, set out in the record, and offered in evidence on the part of defendant. We cannot, therefore, revise this action if it were clear (as it is not) what precisely was the ruling in respect to it, which was made by the court.

The only erroneous charge among those given by the court, and set forth in the bill of exceptions, is the fifth in order, in which the jury were told "that the evidence in this case showed that Moody, Kulp and Rhodes were the agents of defendant, and he so charged them." Although the evidence tended very clearly to establish the fact affirmed, this instruction, given without any request from either side, was a manifest invasion of the province of the jury. The evidence in support of it was wholly oral; and its credibility

[Hollingsworth *v.* Chapman.]

should have been referred to the jury. For the court to assume that this testimony was true, and, thereupon, to instruct the jury that it established a fact which it was for them to ascertain, was error.—*Stewart v. Russell*, 38 Ala. 619, and cases therein referred to.

There was no evidence in this cause, the mortgage being excluded, to show any right whatever to the corn in defendant; and if there had been—yet, as according to all the proof, the possession of the corn was obtained by him through acts done against the will and remonstrances and in repudiation of the dominion of plaintiff—no demand of the corn was necessary to enable her to maintain a suit for it. If entitled to recover at all, she was entitled to do so in virtue of the conversion of the corn by the seizure and removal of it from the premises she occupied, in defiance of any right she might have in it. Therefore, there was no error in the refusal of the court to give the charges asked for on behalf of defendant, both of which implied that a demand might have been necessary, and thus would have tended to mislead the jury.

For the error indicated, the judgment must be reversed, and the cause remanded.