# Davis v. Swearingen.

### Contest as to Right to Grant of Letters of Administration.

1. *Grant of letters of administration, after waiver of preferred rights.*—In the grant of letters of administration, after the right to letters has been forfeited by all the persons to whom, in succession, a preference is given by the statute (Rev. Code, §§ 1986-7), the Probate Court is clothed with a liberal discretion; and its refusal to appoint one of two contesting applicants, or the appointment of the other, when neither shows any special right, is no ground for an appeal.

2. *Same; who should be preferred.*—On application for the grant of letters of administration on the estate of an intestate, whose only known assets consist of his distributive share of his deceased father's estate, which has never been settled, all statutory preferred rights having been waived and lost by the failure to apply for letters within the time limited by the statute (Rev. Code, § 1986), the intestate's only surviving son is to be preferred to a person whose father is the administrator of the deceased father's estate.

APPEAL from the Probate Court of Marengo.

In the matter of the estate of Mrs. Martha Swearingen, deceased, on the petitions of E. A. Davis and Eli Swearin-

[Davis v. Swearingen.]

gen, respectively, for the grant of letters of administration. The said decedent died in said county, intestate, in February, 1857, and no letters of administration on her estate had ever been granted. The petition of said E. A. Davis was filed on the 19th June, 1876, and asked the grant of letters to himself, but alleged no special right to claim it. The petition of Eli Swearingen was filed on the 21st June, 1876, and asked the grant of letters to himself, on the ground that he was the son and only surviving child and heir at law of the deceased. The estate of Mrs. Swearingen consisted mainly, if not entirely, in her distributive share of the estate of her deceased father, Martin Morgan, of whose estate L. M. Davis, the father of said E. A. Davis, was the administrator. The two petitions were heard together by consent, each applicant objecting to the grant of letters to the other. On all the evidence adduced, to which numerous exceptions were duly reserved by said E. A. Davis, but which requires no special notice, the court granted letters to said Eli Swearingen, and refused to grant letters to said E. A. Davis; to which decisions and decrees exceptions were duly reserved by said Davis. The several rulings of the court on the evidence, the grant of letters to Swearingen, and the refusal to grant letters to said Davis, are now assigned as error.

S. J. CUMMING, for appellant.

H. A. WOOLF, with W. E. & R. H. CLARKE, contra.

MANNING, J.—Appellant, E. A. Davis, is not brought within any of the classes of persons, who, according to section 1986, are, "if fit to serve," successively entitled to have letters of administration on the estate of a decedent granted to them. He was not husband of the deceased, Mrs. Swearingen, nor next of kin entititled to share in the distribution of the estate, nor a creditor. The refusal of the Probate Court to appoint him administrator, and the appointment of another in his stead, is, therefore, no ground for an appeal on his behalf from the orders of the Probate Court to this court. Some discretion must be, and is by the statutes on the subject, left to the judge of probate, in the selection of an administrator for an estate under his jurisdiction, where none of the persons applying for, or willing to accept the office, have any right to it over the others.—R. C. § 1986, cl. 4; § 1990; *Phillips v. Peteet*, 35 Ala. 696.

2. It is, moreover, shown that the appellant is not the most proper person to be appointed administrator in this instance. From the evidence, and his petition together, it ap-

pears that the only known effects and assets to be administered, of the estate of the deceased, Mrs. Swearingen, are to come from the estate of her father, on its final settlement; and that appellant's father is, and since 1863 or 1864 has been, administrator of said estate, has never made a final settlement thereof, and is the person by whom the accounting and settlement must be made, with the administrator of Mrs. Swearingen, and others. Eli Swearingen, the only surviving heir and next of kin of the deceased, Mrs. Swearingen, although during so many years since his mother's death, perhaps because he was not aware of the existence of these assets of her estate, he has not applied for letters of administration thereon, and thereby lost his statutory right of priority, is certainly to be preferred as the proper grantee of them, if otherwise fit to serve, over appellant. The discretion of the court was properly exercised in this case.

Let the decree of the Probate Court be affirmed.