(101 South. 449)

McFRY et al. v. CASEY. (7 Div. 443.)

(Supreme Court of Alabama. June 26, 1924. Rehearing Denied Oct. 16, 1924.)

1. Executors and administrators ⬤⟿18—Indebtedness to estate not disqualification for appointment as administrator.

That applicant for appointment as administrator, under Code 1907, § 2520, subd. 4, was indebted to estate, and claimed unfounded credits, and was friendly to other debtors, were proper considerations for probate judge in exercising discretion in selecting appointee, but were not grounds of disqualification.

2. Executors and administrators ⬤⟿20(10)—Finding of probate judge on qualification of administrator on testimony ore tenus not disturbed.

Where probable infidelity of applicant for appointment as administrator was but dubiously supported by evidence, finding of probate court confirmed by circuit court on testimony ore tenus will not be disturbed; Code 1907, § 2566, affording necessary protection or relief.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Petition by S. B. Casey for appointment as administrator and protest by Mary McFry and others. Judgment for petitioner, and protestants or contestants appeal. Affirmed.

This case was originally tried in the probate court of Cherokee county, being an application of S. B. Casey for appointment as administrator of the estate of A. D. Casey, deceased, to which objections were interposed by Mary McFry and others. The judge of the probate court dismissed the objections interposed and appointed S. B. Casey

as administrator, to which judgment an exception was taken, and on this exception an appeal taken to the circuit court, which affirmed the judgment of the probate court. From that decision this appeal is prosecuted.

A. D. Casey died at his home in Cherokee county, Ala., in March, 1922, leaving an estate valued at about $8,000, and survived by seven children and two sets of grandchildren. June 27, 1922, more than 40 days after the death of said decedent, S. B. Casey, a son, applied to the probate court of Cherokee county for letters of administration. Accompanying this was a request for his appointment signed by Minnie Stewart, Florence Barker, A. J. Casey, and A. B. Casey, daughters and sons of the decedent, and Mrs. J. T. Formby, a granddaughter. S. B. Casey is largely indebted to the estate. The husband of Mrs. Barker and A. J. and A. B. Casey are also indebted to the estate.

The objections to the appointment of S. B. Casey were interposed by Mary McFry, a daughter of deceased, and Clifton McFry and Maudie Livingston, only children of Ellie McFry, a deceased daughter of A. D. Casey, deceased. These objections are based upon several grounds; mainly, that he owes a large amount of money to the estate, much of which obligation he disclaims, and that by undue influence he has obtained credit on the note he owes the estate, to which he is not entitled. The contestants also had M. L. Lockridge present an application for appointment as administrator of said estate. M. L. Lockridge is illiterate, being unable to read or write.

The tendency of the evidence of appellants is that this decedent never recognized several substantial credits claimed by S. B. Casey and A. J. Casey, and that the credits are not just and proper; that up to within a few years of his death the mind and will power of the decedent was strong, but that during the last few years of his life his will power was gone and his mind weak and flighty; that he was dominated by S. B. Casey, the son with whom he lived, several years before his death; that being the dominant party, he overreached his father and thereby obtained substantial credits on note to his father, which he should not have had.

The tendency of the evidence of appellee is that the mind of decedent was all right, that the credits were proper, and that he is a suitable person to act as administrator.

This appeal is based upon the asserted error of the probate court in its decree and the judgment of the circuit court affirming it.

Charles F. Douglas, of Anniston, for appellants.

After the expiration of 40 days from the death of decedent, there is no priority of right to act as administrator, and it is the duty of the probate court to appoint a person competent and not objectionable to the heirs. Code 1907, §§ 2520–2522; Acts 1919, p. 40; Bingham v. Crenshaw, 34 Ala. 683; Kidd v. Bates, 120 Ala. 79, 23 South. 735, 41 L. R. A. 154, 74 Am. St. Rep. 17; Davis v. Swearingen, 56 Ala. 31; Id., 56 Ala. 540; Bell v. Fulgham, 202 Ala. 217, 80 South, 39; Forrester v. Forrester's Adm'rs, 37 Ala. 398; 11 R. C. L. 49; Swope v. Swope, 173 Ala. 157, 55 South. 418, Ann. Cas. 1914A, 937. Appellee, under the circumstances of the case, should not be appointed administrator. Gibbons v Gibbons, 205 Ala. 636, 88 South. 833; Seale v. Chambliss, 35 Ala. 19; Shipman v. Furniss, 69 Ala. 564, 44 Am. Rep. 528; Deeble v. Alerton, 58 Colo. 166, 143 Pac. 1096, Ann. Cas. 1916C, 863; Wallen v. Wallen, 107 Va. 131, 57 S. E. 596; Shailer v. Bumstead, 99 Mass. 112; 23 C. J. 1047.

Hugh Reed, of Centre, for appellee.

The grounds of disqualification enumerated in Code, § 2508, are exclusive. Crommelin v. Raoull, 169 Ala. 413, 53 South. 745; Bell v. Fulgham, 202 Ala. 217, 80 South. 39. Adverse or antagonistic interest to the heirs will not disqualify. Willoughby v. Willoughby, 203 Ala. 138, 82 South. 168. Appointment of the administrator is justified by the exercise of discriminating discretion with which the probate judge is clothed. Phillips v. Peteet, 35 Ala. 696; Henderson v. Henderson's Adm'r, 67 Ala. 519; Harwood v. Harper, 54 Ala. 659; Kirksey v. Kirksey, 41 Ala. 626.

SOMERVILLE, J. S. B. Casey, who was appointed administrator of the estate of his deceased father, and whose appointment is here contested as improper, made his application for appointment after the lapse of 40 days; and it is conceded, of course, that the statutory preference based on relationship to the decedent was thereby lost, and that, there being no other application within the 40 days, the appointment of S. B. Casey is referable to subdivision 4 of section 2520 of the Code: "Such other person as the judge of probate may appoint."

But it seems to have been settled long ago that, notwithstanding a preferred person's loss, by delay, of his statutory right of preference, he is nevertheless to be preferred as the proper grantee of letters over an applicant who has never been in the same or a prior preferred class; provided, of course, he is otherwise fit to serve. Davis v. Swearingen, 56 Ala. 539, 541. And when the probate judge appoints under subdivision 4 of the statute, he is clothed with "large discretionary powers" (Phillips v. Peteet, 35 Ala. 696); or as stated in Davis v. Swearingen, 56 Ala. 539, "with a large and liberal discretion."

[1] The objections urged by the appellant heirs against the appointment of the appel-

lee, S. B. Casey, are: (1) That he is largely indebted to the estate, having given his promissory note to decedent for $5,000; (2) that he claims three credits thereon aggregating $2,775, which were improperly secured by undue influence on the decedent, without actual payment of such amounts; and (3) that he is very friendly, if not unduly beholden, to a brother-in-law, and two brothers, who are all substantially indebted to the estate, and who have advocated and supported his appointment as administrator.

The argument is that these conditions and circumstances indicate such a clash of interests between the appointee and the other heirs as would prevent a just and beneficial administration of the estate, and result in the loss of assets, or at least imperil their collection and distribution.

The matters in question are proper for the consideration of the probate judge in the exercise of his discretion in selecting the grantee of letters, but they are not grounds of disqualification. Kidd v. Bates, 120 Ala. 79, 87, 23 South. 735, 41 L. R. A. 154, 74 Am. St. Rep. 17. That case involved the disqualifications of an executor, but the rule is the same for administrators. Crommelin v. Raoull, 169 Ala. 413, 53 South. 745.

[2] The implications of probable infidelity and dereliction on the part of S. B. Casey as administrator are but dubiously supported by the evidence, and the finding of the probate court, confirmed by the judgment of the circuit court, on testimony taken ore tenus, is not to be disturbed in such a case. Kirksey v Kirksey, 41 Ala. 626 (7); Henderson v. Henderson, 67 Ala. 519; Ray v. Watkins, 203 Ala. 683, 85 South. 25; Goldsmith v. Gates, 205 Ala. 632, 88 South. 861.

If in the course of the administration of the estate by this appointee the dangers apprehended by appellants should arise or become apparent, the statute (Code, § 2566), providing for removal on various grounds, may afford the necessary protection or relief.

We are unwilling to say that the probate judge abused his discretion in the appointment of S. B. Casey, and the order and judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.